## Raymond Braune v. Town of Rochester, W. Clark Hutchinson, Tax Collector and Hubert Hutchinson, Town Clerk

[ 237 A.2d 117 ]

October Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 5, 1967

*McKee & Clewley* for the plaintiff.

*James W. Wright* for the defendants.

**Smith, J.** Plaintiff Braune, a non-resident real estate owner in the Town of Rochester, brought this Bill in Chancery in the Windsor County Court of Chancery to enjoin the defendants from selling any of his real estate for taxes claimed to be delinquent for the years 1964 and 1965. Also sought by the plaintiff was an order directing the amount of $253.92 as full payment for the year 1965, as well as both actual and punitive damages claimed to have been suffered by the plaintiff by reason of the actions of the defendants as a result of the claimed tax delinquency. Findings of Fact were made and a decree followed, dismissing the complaint of the plaintiff, with a subsequent appeal to this Court by the plaintiff.

In May, 1964, plaintiff was notified by the town that his property taxes for 1964 would be $577.50, based upon a raised appraised value of his property to $15,000, as compared with an appraised value of $7,200 for the previous year. Plaintiff duly appealed the 1964 tax assessment on the $15,000 to the Board of Listers, and upon denial of this appeal, to the town's Board of Civil Authority, where his appeal was also denied. On June 24, 1964, plaintiff duly appealed the decision of the Board of Civil Authority to the Commissioner of Taxes by an appeal to the Windsor County Tax Appeal Board. The Commissioner of Taxes notified the defendant town on September 21, 1964 that such appeal had been taken.

It is from this point on that the events which have precipitated the controversy brought here ensued. Under the provisions of 32 V.S.A. Sec. 4450, the county board has the power to raise or lower

appraisals made by listers and affirmed by the board of civil authority. *Petition of Town of Essex,* 125 Vt. 170, 171, 212 A.2d 623. The statute provides that these appraisers "shall determine the question so submitted to them within the time fixed by the commissioner, or within such extensions thereof as he may make, and shall report their findings to him in writing in such form as he requests." The time originally fixed by the Commissioner of Taxes from the Windsor County Tax Appeal Board to report their findings to him on the plaintiff's tax appeal was January 15, 1965. The report of the Windsor County Tax Appeal Board was not filed with the commissioner until February 18, 1965. This report set the appraisal value of plaintiff's real estate at $7,200, thus reducing it from the $15,000 figure set by the listers of the Town of Rochester.

It was the uncontroverted testimony of the chairman of the board in the hearing below that an oral extension of time for the filing of the board's report of this appeal was granted the board by the Commissioner of Taxes on December 11, 1964. In his findings of fact, the chancellor made no definite finding on whether an oral extension of filing time had been granted to the board by the commissioner. The chancellor did find, however, that if such an extension of time was granted by the commissioner "it should have been for a definite period, reduced to writing, and a notice thereof given to all interested parties."

In a further finding, the chancellor found that the failure of the Windsor County Tax Appeal Board to file with the commissioner its report on or before January 15, 1965 "has in effect deprived the plaintiff of the board's favorable appraisal for the taxable year 1965."

These findings can be summarized as conclusions of the chancellor that (1) no valid extension of time to report their findings was ever received by the Windsor County Tax Appeal Board from the Commissioner of Taxes, and (2) that by reason of such out-of-time filing on the part of the tax board of its report deprived the plaintiff of the board's favorable appraisal for the year 1964.

We first turn to the briefed contention of the plaintiff that the chancellor was in error in failing to find that there was an oral extension of time granted by the tax commissioner to the Windsor County Tax Appeal Board, and that an oral extension, if granted, was valid under the statute.

Viewing the evidence in the light most favorable to the defendants, the only evidence in the cause relative to the claimed oral exten-

sion of time is from the chairman of the Windsor County Tax Appeal Board, who testified that such extension was granted. There was no evidence to the contrary adduced below and the plaintiff was entitled to an affirmative finding on this question. Such finding, of course, would be of no benefit to the plaintiff if the chancellor was correct in his finding that such extension should have been in writing, and with notice of the extension of time given to the parties.

Nothing in 32 V.S.A. Sec. 4450 requires that extensions of time given by the Commissioner of Taxes to a county appeal board be in writing, or that notice of such extensions of time be given to the parties. The only notice that the county board must give under the statute (32 V.S.A. Sec. 4449) is notice to the taxpayer whose list is involved in the proceeding and to the clerk of the town in which the property is located, of the place within the town and the time at which they will meet the parties. No question has been raised but that this requirement was met by the board, and that such hearing was held on January 11, 1965. There are no other procedural requirements for the board to follow. *In Re Petition of Town of Essex, supra,* p. 173, 212 A.2d 623. The only report required to be submitted by the board is to the Commissioner of Taxes. It is the commissioner who has the duty of submitting copies of the report to the taxpayer and the town.

It is only the Commissioner of Taxes to whom the board owes the duty of submitting their report. No duty of filing with the taxpayer or town is imposed on the board. The statute clearly gives to the commissioner the authority to extend the time for filing, and to grant such extension in any manner that he may choose. It follows that the findings of the chancellor that the plaintiff was deprived of the board's favorable appraisal for the year 1964, because of the time of the filing of that report with the commissioner by the board, are in error.

The chancellor also found that the plaintiff, aggrieved by the assessment made on his property, should have filed his objections to such appraisal in accordance with 32 V.S.A. Sec. 5292. This Section states:

"A taxpayer shall not contest the validity of any tax assessed against his person, personal property or real estate nor the validity of the action of the listers or selectmen in assessing such tax nor the validity of any grand list unless the taxpayer filed his objections to the validity thereof, in the office of the town clerk wherein

the tax is assessed, within a period of two months from November 15, of each year in which the tax is assessed."

The plaintiff admits in his brief that no objection was made by him to the tax assessed against his real property for 1964 under 32 V.S.A. Sec. 5292 but contends that such action was not required of him under the case and circumstances here existing.

 The section of the statute in question is a provision under the general heading of "Article 6 Taxpayer's Defenses." As was stated in *City of Winooski* v. *Matte*, 125 Vt. 463, 466, 218 A.2d 458, the filing with the town clerk of objection to the validity of the assessment of taxes assessed on a grand list is a prerequisite to the raising of any defense in any suit for the recovery of the tax under 32 V.S.A. Sec. 5221. The cause before us is not an action brought by a municipality against a taxpayer to recover taxes, which is the action authorized under 32 V.S.A. Sec. 5221, nor is it an action brought by a taxpayer to recover taxes paid under protest. It is the taxpayer here who is the plaintiff, and the municipality and its officers who are the defendants. This action is not one that questions the validity of the tax but is one questioning the assessment of property. Therefore, plaintiff was not required to comply with the provisions of 32 V.S.A. 5292 in bringing this action. The finding that plaintiff should have complied with this section of the statute as a prerequisite to the bringing of his action is in error.

The findings of fact disclose that on February 10, 1965 the board of selectmen of the defendant town closed "the grand list of said town for the taxable year of 1964 and endorsed thereon the certificate provided for by 32 V.S.A. Sec. 4155. The findings also disclose that the defendant town clerk did not, and has not, recorded the findings of the Windsor County Tax Appeal Board in the grand list book of defendant town as directed by the Commissioner of Taxes by a communication bearing date of March 8, 1965.

 These actions on the part of the town officials were both arbitrary and contrary to the statute. As we have already seen, 32 V.S.A. Sec. 4450 provides, in part, that once the Commissioner of Taxes has forwarded a copy of the finding of the county tax appeal board to a town clerk, the clerk ".shall record the same in the book wherein the appeal was recorded under Sec. 4433 of this title, and thereupon the appraisal, so fixed by the appraisers, shall become the

basis for the grand list of such taxpayer." Section 4443 of 32 V.S.A. above referred to, provides that the town clerk shall record the appeal to the Commissioner of Taxes in the grand list book.

Defendant seeks to justify these actions on the part of its officers on the ground that the report of the county tax appeals board was tardy, and that the town and its officials had the right to reject it, but it was the Commissioner of Taxes, and not the town or its officials, who had the discretionary power to determine when the report of the county tax appeals board should be filed. The town and its officials were not entitled to any direct report of the appraisal made by the county appeal board from the board. They were entitled only to a copy of the report, sent by the commissioner, and upon receipt of that report the mandate of the statute was that the town clerk should file the appraisal so received and that such appraisal should comprise the basis for the grand list of the appealing taxpayer. These duties should have been complied with on March 8, 1965, when the town was notified by the commissioner that the county appeal board had reduced the appraised value of plaintiff's property from $15,000.00 to $7,200.00.

The finding of fact below on the amounts due to the defendant town on the 1964 and 1965 taxes and penalties is based upon the erroneous assumption and finding that plaintiff's real estate tax for 1964 was upon the appraisal of $15,000, rather than upon the $7,200 dollar figure that should have been properly entered in the grand list. It is in error.

The payment of $82.43 paid by the plaintiff to the defendant town on April 24, 1965, constituted full payment of the 1964 taxes and penalties, due the town as of that date under the legal appraisal figure of $7,200.00 on the real estate of the plaintiff for 1964. This is confirmed by the letter of the Commissioner of Taxes of April 16, 1965, directing plaintiff to pay such sum in full payment of all taxes and penalties to the town for the year 1964.

On May 26, 1966 plaintiff offered his check to the defendants in the amount of $253.92 in full payment of all taxes to date. This offer, combined with previous payments made by the plaintiff on his 1965 taxes, constituted full payment of the 1965 real estate taxes and penalties then due the defendant town and should have been accepted by the defendants, rather than rejected by them. The payment of such amount by the plaintiff to the defendant town will constitute full payment of his 1965 taxes. Upon such payment being made, the plaintiff is entitled

to a permanent injunction against the defendant town and its officials from selling plaintiff's property for 1964 or 1965 taxes.

The plaintiff has also briefed his exceptions to the finding of the chancellor that there was insufficient evidence in the case to permit the plaintiff to proceed on the claim of damages contained in the bill of complaint, and thus including a dismissal of this claim for damages in the general dismissal of the bill of complaint in the decree.

Our rule is that we will affirm a ruling of a trial court upon any legal ground shown by the record, even though the ground may not have been raised below, and may not be briefed. *Fuller* v. *City of Rutland,* 122 Vt. 284, 287, 171 A.2d 58. In his bill of complaint, the plaintiff seeks both actual and punitive damages for the acts of the defendants, although the theory upon which the plaintiff claims liability for any damages is not advanced in the complaint or the plaintiff's brief. The rule in this jurisdiction is that equity never enforces forfeitures, or punitive damages. *Whiting* v. *Adams,* 66 Vt. 679, 691, 30 A. 32, 25 L.R.A. 598. The dismissal of the bill of complaint insofar as it applies to the plaintiff's claim for damages against the defendants is affirmed.

*The decree order is that the decree dismissing the complaint of the plaintiff is reversed except for the dismissal of the plaintiff's claim for damages. Cause remanded for amendment of the decree in accordance with the views expressed in this opinion.*

*Let the plaintiff recover his costs in this Court.*