## Audrey M. Dike v. Earl McCormick, Collector of Taxes for the Town and Village of Bristol

[264 A.2d 769]

No. 51-69

Opinion Filed February 3, 1970

*Lisman & Lisman,* Burlington, for Plaintiff.

*Forrest S. Rose,* Vergennes, for Defendant.

**Barney, J.** This equitable proceeding for a declaratory judgment arises out of a threatened tax sale of property which the plaintiff owns jointly with her husband. Although the tax sale was ordered discontinued, other provisions of the chancellor's order led the plaintiff to appeal.

Mrs. Dike and her husband own property in Bristol on which, at the time of this litigation, a part of the taxes levied remained owing. This property was advertised for sale for unpaid taxes. It is uncontroverted that the plaintiff did not receive notice of the pending sale as required by 32 V.S.A. § 5252. It was this circumstance that undoubtedly prompted the chancellor's order of discontinuance of the tax sale. Having granted the plaintiff this relief, for reasons not apparent and not disclosed by the record, he dismissed the petition. Insofar as it provided the basis for relief to the plaintiff, it ought not to have been dismissed.

The defendant argued below and argues here that since the plaintiff and her husband failed to file, in the office

of the town clerk, their objections to the validity of the taxes assessed, as called for in 32 V.S.A. § 5292, neither has any standing to contest the validity of the tax. The chancellor, in drafting his decree, apparently accepted this position. Unfortunately, the language of the decree goes beyond restricting the contesting of the validity of the tax, when it enjoins the plaintiff and her husband from preventing the tax collector from collecting or taking appropriate action for the collection of the delinquent taxes. Whether or not these plaintiffs may challenge the validity of the taxes previously assessed, they are entitled to raise defenses against improper or defective actions looking to collection. These are issues outside the validity of the assessment referred to in 32 V.S.A. §§ 5291 and 5292. If a new sale is held, the plaintiffs are entitled to insist on procedural regularity, and ought not to be thus enjoined from putting forward their challenges to any improprieties or errors which might develop in subsequent proceedings.

█ The remaining issue sought to be raised by the plaintiff relates to her claim that the tax is invalid, as a constitutional matter, because of unequal assessment and collection of Bristol property taxes. But it seems clear, as the defendant points out, that her position is intended as a defense to the collection of her own tax obligation, and, as such, is governed by the filing requirements of 32 V.S.A. §§ 5291 and 5292. Nothing in *Braune* v. *Rochester*, 126 Vt. 527, 237 A.2d 117 or *City of Winooski* v. *Matte*, 125 Vt. 463, 218 A.2d 458 excuses the failure to file objections to the validity of the tax in this situation.

The inequality urged as a defense is based on the actions of the taxing officials of Bristol in placing the American Legion Home, Post No. 19, in a tax-exempt status, in the face of a contrary ruling of the Addison County Court of Chancery in 1959. The earliest taxes of the plaintiff concerned in this litigation are for the year 1963. Having in mind that the applicable provisions, 32 V.S.A. § 3802(2), establishing the conditions for tax exemption of veterans' organization premises, were amended substantively in 1959 and in 1963, as well as subsequently, the denial of exemption by the 1959 court decree may well have been overruled, as to 1963 and later years, by some of this legislation. Without more before us than the

agreed facts submitted, we cannot now determine whether the claim of unequal treatment has any foundation in fact, even if it were proper to raise.

*Order dismissing the petition is reversed, and the cause is remanded for the preparation of a new decree not inconsistent with the views expressed in the opinion.*

*Let the plaintiff, Audrey M. Dike, recover her costs.*