## Village of Morrisville Water and Light Department v. Town of Hyde Park, et al.

[270 A.2d 584]

No. 120-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed September 10, 1970

*Paterson, Gibson, Noble & Brownell,* Montpelier, for Plaintiff.

*Frederick J. Fayette,* Burlington, for Defendant.

**Shangraw, J.** The plaintiff has resorted to the court of chancery and the declaratory judgment act to settle a controversy concerning taxes on property of the plaintiff, a municipal corporation, located in the Town of Hyde Park, Vermont.

In order to provide electrical energy to the residents of the Village of Morrisville and surrounding territory, the Village of Morrisville Water and Light Department (hereafter called "Morrisville") acquired and now owns 2887 acres in fee, and 846 acres of lease land within the limits of the Town of Hyde Park. This property is unimproved and consists mostly of woodland acquired to protect the watershed of the Green River Reservoir of Morrisville. It owns no personal property in the Town of Hyde Park.

Commencing in the spring of 1968, a dispute arose between Morrisville and the taxing authorities of the Town of Hyde Park respecting the statute under which Hyde Park assesses and taxes the property of Morrisville.

The taxes on the 2,887 acres of taxable land for the year 1968 amounted to $30,037.50, which, based on the Hyde Park tax rate of $10.42, indicates an assessed valuation of $675,000 and a listed valuation of $337,500.

The complaint alleges that the superintendent and treasurer of Morrisville, by letter dated April 23, 1968, notified the listers of the Town of Hyde Park stating that its commissioners ". . . are dissatisfied with the taxes assessed against the Village of Morrisville and request a hearing on the subject.

This applies specifically to the tax on the Green River Reservoir."

After sending the above notice, an agent of the Water and Light Department of the Village of Morrisville received a telephone call from one of the listers of the Town of Hyde Park and on the evening of May 15, 1968, a meeting was held between the listers and representatives of Morrisville. In addition to the oral protest lodged at said meeting, Morrisville presented to the listers a written protest against the appraisal for 1968 setting forth therein two grounds:

> (1) Said figure is in excess of the fair market value of the property.
> (2) Said appraisal exceeds the appraisal permitted by 32 V.S.A. § 3658 and all other related statutes pertaining to taxation of municipally owned land in the State of Vermont.

At the conclusion of the grievance hearing held on May 15, 1968, the listers of Hyde Park informed the representatives of Morrisville that they would "let them know" their decision as to the matter under consideration. Despite such oral assurance by the listers of the town, no notice of any action, or inaction by them was even given Morrisville. Despite such protest, at the grievance meeting, no change was made by the listers in either the appraised value or the listed value of the taxable property of Morrisville.

By reason of the failure on the part of the listers of the Town of Hyde Park to inform Morrisville of the result of their deliberations, no appeal was taken from the appraisal and assessment by Morrisville to the Board of Civil Authority. Morrisville alleges that, in the absence of such notice, it was misled and deprived of the right of appeal. It also asserts that it is without an adequate remedy at law to insure itself of an impartial review of the tax assessment.

Plaintiff alleges in its complaint that property similar to its property located in the Town of Hyde Park was appraised by the listers for tax purposes in 1968 at not more than $10.00 per acre.

By plaintiff's petition, it seeks a declaration that the taxation of its land in Hyde Park is governed by 32 V.S.A. § 3659, (formerly § 3658). It is alleged and claimed that

the listers' assessment for 1968 was contrary to this section of the statute and that the Town of Hyde Park could not value, for tax purposes, Morrisville's land at an amount in excess of $10.00 per acre. As an alternative, it is alleged that the listers of the Town of Hyde Park have taxed improvements made subsequent to the acquisition of the land by Morrisville in violation of § 3659, *supra.*

Section 3659, *supra,* reads:

> "Land and buildings of a municipal corporation, whether acquired by purchase or condemnation and situated outside of its territorial limits shall be taxed by the municipality in which such land is situated. Said land shall be set to such municipal corporation in the grand list of the town or city in which such real estate is located at the value fixed in the appraisal next preceding the date of acquisition of such property and taxed on such valuation. The value fixed on such property at each appraisal thereafter shall be the same per acre as the value fixed on similar property in the town or city. Improvements made subsequent to the acquisition of the land shall not be taxed; except that an additional tax not to exceed seventy-five percent of the appraisal of the land may be levied in lieu of a personal property tax."

Plaintiff requests an injunction against the Town of Hyde Park forbidding it from assessing or collecting a tax on Morrisville's property based on a valuation per acre greater than on similar land in the town, and from collecting taxes on improvements made subsequent to the acquisition of the land, except as permitted by 32 V.S.A. § 3659, either in 1968, or at any future time.

Defendant's answer contained a motion to dismiss for failure on the part of the plaintiff to exhaust its legal remedies. A hearing was held on the motion August 25, 1969. The chancellor dismissed the complaint and assigned the following reasons for such action:

> "1. That Plaintiff's complaint is dismissed for want of equitable jurisdiction on the ground that it relates to the amount of the assessment in question rather than to its validity, and it is based upon matter which should have

been raised by appeal to the Board of Civil Authority of the Town of Hyde Park and/or the Commissioner of Taxes, and upon the further ground that the action as filed is barred by the provision of Section 5292, Title 32, Vermont Statutes Annotated."

Plaintiff was assured by the listers of the Town of Hyde Park that it would be notified by them of their decision concerning the appraisal of plaintiff's property. The listers failed to comply with their promise and the plaintiff was lulled past the time for taking an appeal to the Board of Civil Authority as provided in 32 V.S.A. § 4404.

The failure of the listers to notify the plaintiff of their decision, contrary to their prior assurance, estops the defendants from resisting this suit in equity on the ground that the tax appeal procedure provided plaintiff with an adequate remedy. *McLaughlin* v. *Blake,* 120 Vt. 174, 177, 136 A.2d 492 (1957). Since the plaintiff has been foreclosed from the usual tax appeal procedures by the inaction of the listers, the only remedy available to challenge their conduct, under the statute, is by this action in equity for declaratory and injunctive relief.

That equity has jurisdiction in tax matters cannot be seriously contended. This was held in *Gifford Memorial Hospital* v. *Randolph,* 119 Vt. 66, 70, 118 A.2d 480 (1955); *Poulin* v. *Town of Danville,* 128 Vt. 161, 260 A.2d 208, 210 (1969).

Quoting from the defendant's brief, the "Appellee does not, and never has, denied the application of section 3659 to property of the Appellant." It asserts that the property of Morrisville was properly assessed under the provisions of section 3659, *supra,* and that the legality or validity of the assessment cannot be challenged. By its answer, the defendant alleges that the plaintiff has failed to comply with the applicable statutory provisions of the Vermont Statutes which Morrisville should have resorted to as an aggrieved taxpayer. The defendant relies on 32 V.S.A. § 5292 to defeat the plaintiff's action in equity. This section reads:

"(a) A taxpayer shall not contest the validity of any tax assessed against his person, personal property or real estate nor the validity of the action of the listers or

selectmen in assessing such tax nor the validity of any grand list unless the taxpayer filed his objections to the validity thereof, in the office of the town clerk wherein the tax is assessed, within a period of two months from November 15 of each year in which the tax is assessed.

(b) If the taxpayer desires to object upon the ground that the notice he received, although given in the manner prescribed by law, is based upon invalid or defective proceedings in making up of the appraisal, grand list or in the assessment thereof, he shall file at the place and within the time prescribed by subsection (a) his specific objection that the notice received was so based.—1957, No. 219 § 2, eff. July 1, 1961; amended 1959, No. 218, § 3."

This petition alleging objections to the appraisal, and seeking declaratory relief, is dated October 7, 1968, and was served on the acting clerk of the Town of Hyde Park on October 17, 1968. Defendant claims that this service does not satisfy the requirements of section 5292, *supra*.

By its answer to plaintiff's petition, the defendant alleges that Morrisville was the owner of the property in question for some years prior to May 5, 1949, which was the effective date of No. 17 of the Acts of 1949, now 32 V.S.A. § 3659. The answer sets forth that this property was assessed at a fair market value of $675,000 in 1948, and that this value has not been changed since that date, nor has the appraisal ever been formally challenged by Morrisville, nor any appeal taken. By this, it might be implied that the plaintiff is barred from seeking the application of § 3659, *supra*. This statute however specifies that the value fixed ". . . at each annual appraisal . . . shall be the same per acre as the value fixed on similar property . . . ." Assuming that Hyde Park has received in the past more than its legal amount of taxes, it has no prescriptive right to enjoy such a situation forever. There is nothing in the above section which indicates any legislative intent that the terms thereof are limited to land acquired by a municipal corporation after its effective date.

██ ██ In the present case the ultimate result may be a different amount of tax, depending, of course, on whether § 3659, *supra*, governs, or whether the fair market value rule applies. This is a question of law. Since equality of taxation is what the above section requires, the statutory appellate route is not appropriate to solve the problem in issue. This is a matter for the courts to decide. *In Re Petition of Mallary,* 127 Vt. 412, 418, 250 A.2d 837 (1969) ; The question of unequal taxation of property cannot be raised by tax appeal. *Petition of Mendon,* 127 Vt. 502, 506, 253 A.2d 139 (1969).

In *Braune* v. *Town of Rochester, et al.,* 126 Vt. 527, 237 A.2d 117 (1967), the plaintiff sought to enjoin the town from selling his real estate for delinquent taxes. In that case the appraised value of plaintiff's property was increased from the previous year. Plaintiff appealed from the assessment to the Board of Listers, and upon denial of this appeal, to the town's Board of Civil Authority where his appeal was denied. He later appealed to the Commissioner of Taxes. The Chancellor found the plaintiff should have filed his objections to the challenged appraisal in accordance with 32 V.S.A. § 5292, *supra.*

In the *Braune* case, *supra,* at page 531, this Court stated:

> The section of the statute in question is a provision under the general heading of "Article 6 Taxpayer's Defenses." As was stated in *City of Winooski* v. *Matte,* 125 Vt. 463, 466, 218 A.2d 458 (1966), the filing with the town clerk of objection to the validity of the assessment of taxes assessed on a grand list is a prerequisite to the raising of any defense in any suit for the recovery of the tax under 32 V.S.A. § 5221. The cause before us is not an action brought by a municipality against a taxpayer to recover taxes, which is the action authorized under 32 V.S.A. § 5221, nor is it an action brought by a taxpayer to recover taxes paid under protest. It is the taxpayer here who is the plaintiff, and the municipality and its officers who are the defendants. This action is not one that questions the validity o fthe tax but is one questioning the assessment of property. Therefore, plaintiff was not required to comply with the provisions of 32 V.S.A. § 5292 in bringing this action. The finding that plaintiff should

have complied with this section of the statute as a prerequisite to the bringing of his action is in error.

█ The function and purpose of a motion to dismiss, which is in substance and effect the equivalent of a demurrer under the Practice Act, is to test the sufficiency of the complaint. It admits the truth of the facts well pleaded. *Price* v. *Rowell,* 121 Vt. 393, 395, 159 A.2d 622 (1960).

It appears that this cause is well founded in equity jurisdiction. It was error to dismiss the complaint.

*Order of dismissal reversed and cause remanded.*