**University of Vermont and State Agricultural College
v. Town of Mendon**

[392 A.2d 415]

No. 233-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 11, 1978

*Matthew I. Katz* and *Paul K. Sutherland* of *Latham, East-man, Schweyer & Tetzlaff,* Burlington, for Plaintiff.

*Corsones & Hansen,* Rutland, for Defendant.

**Billings, J.** Plaintiff-appellant instituted a declaratory judgment action in the Rutland Superior Court claiming that acreage owned by it in the Town of Mendon was exempt from property taxes as "[s]uch lands are held for educational purposes." The trial was concerned solely with this issue, and the trial court issued findings, conclusions and an order dated April 5, 1977, decreeing that such lands were not being held for educational purposes.

Plaintiff's notice of appeal was filed August 15, 1977. On the face of the record, the appeal is not timely under V.R. A.P. 4, since the notice was not filed within thirty days of the filing of the judgment order. On February 14, 1977, however, plaintiff filed a timely motion to alter a prior judgment order in this same cause. V.R.C.P. 59(b). The trial court subsequently struck the prior judgment order and issued substitute findings, conclusions and order dated April 5, 1977. By letter dated April 12, 1977, plaintiff requested that the February 14, 1977, motion to alter judgment "still stand," and the trial court on July 15, 1977, denied the motion. On the record here, plaintiff did somewhat informally renew the motion to alter judgment within ten days as prescribed by V.R.C.P. 59(b). Thus, the appeal, being within thirty days of the denial of that motion, is timely. V.R.A.P. 4.

On appeal, plaintiff presents two arguments for our review. First, it argues that the lands in question were granted a perpetual exemption by the original charter granted the University of Vermont by the Legislature on November 3, 1791, which exemption cannot be repealed or diminished by subsequent legislatures. Secondly, it claims that the lands in question are exempt from taxation, without regard to use,

as having been held or owned by the University of Vermont at the time of enactment of amendments to its latest charter. 1955 Vt. Acts, No. 66.

■ Plaintiff's argument relating to the 1791 charter is raised for the first time on appeal. We need not reach the merits of this argument. Points not made or urged in the proceedings below will not be considered as a matter of first impression on appeal, except in extraordinary circumstances, which have not been presented here. *Pezzano* v. *Bonneau,* 133 Vt. 88, 92, 329 A.2d 659, 661 (1974).

Plaintiff's second argument is based on its current charter, as amended in 1955. 1955 Vt. Acts, No. 66. Section 7 of those amendments provides:

> Real and personal property now held or owned or hereafter acquired by the University of Vermont and State Agricultural College for educational purposes shall be exempt from taxation.

Plaintiff contends that the phrase "for educational purposes" should be read to modify only "property . . . hereafter acquired" and that all property held at the time of passage of the amendments is exempt under section 7 regardless of its use. While the case was tried below and determined solely on the theory that the lands involved were exempt from taxation because they were presently being used for educational purposes, this legal theory was presented to the trial court prior to its decision in a detailed memorandum of law. Therefore, we will consider the argument here.

■■ It is settled law in this jurisdiction that statutes of exemption from taxation are to be construed most strongly against those who claim their benefit. *University of Vermont* v. *Town of Essex,* 129 Vt. 607, 612, 285 A.2d 728, 731 (1971). While plaintiff has presented us with a tenable construction of section 7 of the 1955 amendments, an equally tenable construction is that "for educational purposes" modifies "property now held or owned" as well as "property . . . hereafter acquired . . . ." This is consistent with a legislative purpose to grant the exemption only to property held by plaintiff for use in fulfilling its primary purpose, education. On the

other hand, property held for other purposes is allowed to be taxed in the same manner as property held by private persons for those same purposes. Any ambiguity in section 7 must be resolved against the plaintiff. The exemption afforded by section 7 is available only for property held by plaintiff for educational purposes; we so stated in *University of Vermont* v. *Town of Essex, supra:*

> The key phrase in [section 7] is "for educational purposes", for it is only to property held . . . for such purposes that the tax exemption is granted.

*Id.* at 611, 285 A.2d at 730. Plaintiff has conceded both in his brief and in oral argument that the lands involved are not presently used for educational purposes, and the trial court so held. The judgment must be affirmed.

*Affirmed.*