# In re Petition of the Town of St. Johnsbury Town School District and Town of St. Johnsbury

[409 A.2d 573]

No. 307-78

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed November 5, 1979

*Edward R. Zuccaro* and *John W. Hird,* Of Counsel, of *Witters, Zuccaro, Willis & Lium, Inc.,* St. Johnsbury, for Petitioners.

*M. Jerome Diamond,* Attorney General, and *Edwin L. Hobson, Jr.,* Assistant Attorney General, Montpelier, for Respondent.

Larrow, J. Petitioners, recipients of school aid from the State under the so-called "Miller Formula," took an appeal to the Caledonia Superior Court from a redetermination by the Commissioner of Taxes of the equalized fair market value of the taxable property in St. Johnsbury for the year 1976. The redetermination had been requested under the statutory procedures then in effect, and the appeal to the superior court was taken under V.R.C.P. 74. In the superior court, the parties submitted the case on briefs, no evidence being presented. That court upheld the redetermination (which had upheld the original determination). In so doing, it rejected the petitioners' contention that the procedural requirements of the Administrative Procedure Act (3 V.S.A. Ch. 25) were

applicable and had not been followed. In a lengthy and well-reasoned opinion, it concluded that this was not a "contested case" within the meaning of the Act, no property rights being involved, but was in the nature of an inquiry to establish fair assessment ratios for a legislative purpose. Petitioners appeal this ruling, as well as the denial of a motion to strike certain materials from the record as extraneous.

■ The second asserted error is quickly disposed of. The ruling on the motion to strike was contained in a written order, dated and filed June 26, 1978. The notice of appeal to this Court specifies only the final order, dated and filed September 28, 1978, as the order appealed from. Since the June 26 order is not specified in the notice of appeal, it is not properly here for consideration. V.R.A.P. 3(d).

■ To properly orient consideration of the main issue, it should be noted that all of the claimed errors at the redetermination hearing were procedural in nature; many of them undoubtedly due to the failure of the petitioners to be represented by an attorney. They claim a failure to advise them of this right, a claim which sounds most tenuous when made by municipal officials. They also claim many defects in the hearing procedure itself, in delegation of the hearing to a deputy commissioner, deficient findings, and the like. Not only do all the claims of error relate to procedural matters, they also share the common characteristic of not having been raised at the redetermination hearing. This failure we regard as fatal to the instant appeal. We have consistently held that we will not, absent extraordinary circumstances, consider any matters raised for the first time on appeal. *University of Vermont* v. *Town of Mendon*, 136 Vt. 400, 402, 392 A.2d 415, 416 (1978); *State* v. *LaGoy*, 136 Vt. 39, 42, 383 A.2d 604, 606 (1978).

In short, petitioners are confronted with a dilemma. At the superior court level, they had either a right to appellate review or to trial de novo, depending on whether or not this was a "contested case" within the meaning of the Administrative Procedure Act. In the posture of this case, we are not called upon to decide this question, and we do not do so. If the right is one of trial de novo, it was expressly waived, upon the record, by the petitioners at the outset of the trial pro-

ceedings. On the other hand, if the right was one of appellate review, as the State claims, the procedural errors, if any, at the redetermination hearing, were not reviewable at the superior court level because they had not been previously raised. *University of Vermont* v. *Town of Mendon, supra; State* v. *LaGoy, supra.* In either event, the appeal must fail, without the necessity of deciding whether any of the claimed errors were in fact prejudicial.

*Affirmed.*