**Ruth L. Hojaboom and Ronald Hojaboom v. Town of Swanton**
**Andre A. Moreau and Jeanne E. Moreau v. Town of Swanton**
**Lyle C. Collins and Isabel Collins v. Town of Swanton**
**L. Douglas Meredith and Laura J. Meredith v. Town of Swanton**

[442 A.2d 1301]

Nos. 449-80, 450-80, 451-80 and 166-81

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed February 4, 1982

44

*Brown, Cahill & Gawne*, St. Albans, for Hojaboom, Moreau, and Collins.

*Tyler and Bruce*, St. Albans, for Meredith.

*William F. Rugg*, Law Offices of *George E. Spear, II*, Swanton, for Defendant.

**Peck, J.** These consolidated appeals result from the 1979 reappraisal of properties within the Town of Swanton, Vermont. Defendant Town of Swanton (Town) appeals from the superior court's grant of summary judgment in favor of the plaintiffs,[1] property owners in the Town, in their property tax appeals. Although the appeals present many common questions of fact and law, to facilitate review we examine the Town's arguments as they relate to the individual taxpayers.

## I. *The Merediths*

In 1979 the Town conducted a reappraisal of properties within it. As a result of the reappraisal, the fair market value

---

[1] Several taxpayers filed cross-appeals from the decision of the superior court. V.R.A.P. 4. Unless otherwise indicated, the taxpayers will be referred to as the plaintiffs in this opinion.

of plaintiffs L. Douglas and Laura J. Meredith's property was increased from $41,000 to $179,600. Plaintiffs filed a grievance with the board of listers and, from an adverse decision there, duly appealed to the board of civil authority (Board). 32 V.S.A. § 4404(a). It was at this point in the proceedings that the present controversy developed.

32 V.S.A. § 4404(c) directs the Board to meet at a time and place designated by the town clerk to hear and determine appeals from decisions of the board of listers. The date on which such appeals must be heard is established by 32 V.S.A. § 4404(b) as modified by the automatic extension provisions of 32 V.S.A. § 4341. The parties agree that these statutes, read together, required that the town clerk call a meeting of the Board on or before June 27, 1979. For reasons not apparent from the record this was not done.

Instead, by letter dated October 24, 1979, the town clerk applied, purportedly pursuant to 32 V.S.A. § 4342, to the Director of the Division of Property Valuation and Review for an extension of time for the hearing of appeals by the Board. On October 29, 1979, the Board went ahead and heard the plaintiffs' appeal. It was not until November 8, 1979, that the Board was notified that the Director had granted it a 150 day extension to hear appeals. Subsequently, the Board affirmed the decision of the board of listers.

The plaintiffs then filed an appeal with the Franklin Superior Court pursuant to 32 V.S.A. § 4461(a). Their pleadings essentially raised two claims: Count I alleged that the reappraisal exceeded fair market value, while Count II challenged the Board's decision on the ground that the appeal was not heard within the time limits established by Chapter 131 of 32 V.S.A. Upon motion by the Town, the superior court dismissed Count II of the plaintiffs' complaint. The court then granted plaintiffs' motion for summary judgment "for the reason that the Board of Civil Authority failed to set forth and certify its findings as required by 32 V.S.A. § 4404(c)," and ordered that the plaintiffs' property be set in the 1979 Swanton grand list at its 1978 list value, $41,000. The Town filed a timely notice of appeal.

On appeal, the Town first contends that the Board's findings satisfy the requirements of 32 V.S.A. § 4404(c). We disagree.

In *Punderson* v. *Town of Chittenden*, 136 Vt. 221, 388 A.2d 373 (1978), we were called on to determine the sufficiency of "findings" made by a board of civil authority pursuant to 32 V.S.A. § 4404(c). Therein we held the board's purported findings were inadequate because, *inter alia*, they did not "meet the underlying purpose of indicating to the parties, and to an appellate court, what was decided and upon what considerations." *Id.* at 225, 388 A.2d at 376. The findings made by the Board in the instant case suffer from the same infirmity.

 In its brief the Town attempts to validate the findings by asserting that the form used by the Board was designed and prepared by the Director of Property Valuation and Review for the express purpose of meeting the requirements of 32 V.S.A. § 4404(c). Whatever the truth of this assertion, it does not mean that the Board may abdicate its statutory duty to render *proper* findings merely because it decides to employ the form. This is not to say that the form used by the Board is without merit. It does address some of the concerns we expressed in *Punderson*, *i.e.*, review and signature by a member of the Board, official form with attestation, certification, and reference to the fact that the findings have been recorded. Nonetheless, the actual findings must also be sufficient under § 4404(c). This essential requirement is not obviated merely because under the 32 V.S.A. § 4461 appeal procedure the appellate tribunal conducts a de novo review. *Potter* v. *Hartford Zoning Board of Adjustment*, 137 Vt. 445, 446–47, 407 A.2d 170, 171–72 (1979); *Punderson*, *supra*.

 Turning to the document in question, we observe the notation, "Detailed Findings on reverse side." On the back of the form is a heading titled "Report of the Committee," evidently referring to an inspection committee of the Board. Beneath this is the purported finding: "Nice looking property." Another heading, "Summary of Board's discussion on issues and reasons for the actions taken," is followed by the Board's handwritten assertion that it: "Discussed the land value of 140 per front foot a length [sic]. Motion was made and passed to leave assessment as is." There is no further explanation of the Board's decision.

These ambiguous comments do not satisfy the essential requirements of § 4404(c). As Justice Larrow wrote for the Court in *Punderson*: "If the requirement of [§ 4404(c)] findings has *any* meaning, it is to convey not only a result, but also an indication of how the result was arrived at." *Id.* at 225, 388 A.2d at 376 (emphasis in original). The Board's "findings" quoted above fail to satisfy even this minimal standard. Furthermore, we reject the Town's argument that requiring findings more detailed than those rendered by the Board in the instant case will result in the mandatory, and costly, employment of attorneys in order to assure compliance with § 4404(c). We recognize that boards of civil authority are usually composed of laypersons admirably performing their civic duty. Nevertheless, they are also under a duty to inform taxpayers of the reasons for their decisions when deciding appeals pursuant to § 4404.

The Town next claims that even if the Board's findings are inadequate, reversal is nevertheless required because the plaintiffs failed to comply with the filing procedures of 32 V.S.A. § 5292.

■ Under 32 V.S.A. § 5292(a) a taxpayer must file objections to the validity of the tax assessed against him in order to have standing to contest the same. Thus where a taxpayer claims the tax is invalid as a constitutional matter because of unequal assessment and collection he must comply with the filing requirements of 32 V.S.A. §§ 5291, 5292. *Dike v. McCormick*, 128 Vt. 349, 350, 264 A.2d 769, 770 (1970). And where a taxpayer asserts that the grand list is invalid because of the listers' noncompliance with relevant statutes, he must file his objections as required by § 5292(a). *Swanton Village v. Town of Highgate*, 128 Vt. 401, 402, 264 A.2d 804, 805 (1970). No such objections need be filed where the action is not one which questions the validity of the tax but is one questioning the assessment of property. *Village of Morrisville Water & Light Department v. Town of Hyde Park*, 129 Vt. 1, 7–8, 270 A.2d 584, 587–88 (1970); *Braune v. Town of Rochester*, 126 Vt. 527, 531, 237 A.2d 117, 120 (1967).

■ The plaintiffs in Count I of their complaint challenged the valuation established for their property, and attacked the Board's findings as insufficient under 32 V.S.A. § 4404(c).

Neither the validity of the tax nor the validity of the actions of the listers or selectmen in assessing such tax were contested in this count of the complaint. The nature of plaintiffs' action is not altered because it questioned the sufficiency of the Board's findings and sought the express sanction provided by § 4404(c). Therefore the plaintiffs were not required to comply with the filing procedure of § 5292(a). Affirmed.

## II. *The Hojabooms*

Although presenting a factual situation similar to that in the Meredith appeal, the Town raises several different arguments in its appeal from judgment in favor of plaintiffs Ruth and Ronald Hojaboom.

Plaintiffs, property owners in the Town of Swanton, appealed a decision of the board of listers increasing the appraised fair market value of their property from $16,000 to $80,800 to the Board of Civil Authority. The Board reduced this valuation to $75,600. The plaintiffs then appealed to the Franklin Superior Court, which granted plaintiffs' motion for summary judgment on the ground that the Board's findings were inadequate under 32 V.S.A. § 4404(c) and this Court's decision in *Punderson, supra.* Both parties filed timely notices of appeal.

■ The Town first asserts that plaintiffs' notice of appeal to the superior court failed to comply with the service requirements of 32 V.S.A. § 4461(a). When a taxpayer elects to appeal to the superior court pursuant to § 4461(a) he is required to serve the town clerk, town agent and chairman of the board of listers. It is admitted that plaintiffs made proper service on the town clerk and agent. The Town claims, however, that no service was made on the chairman of the board of listers. We find this argument somewhat disingenuous in light of the Town's stipulation below that the same individual was serving as both town agent and chairman of the board of listers. This individual was personally served within the meaning of § 4461(a) and V.R.C.P. 4(d)(1). It must be noted that statutory service requirements demand strict compliance. See *Mowle* v. *Town of Sherburne*, 140 Vt. 155, 436 A.2d 770 (1981). The plaintiffs could have avoided any problem in this regard by promptly moving to amend the challenged proof of

service pursuant to V.R.C.P. 4(j). Nevertheless, on these facts the Town does not, and could not, argue it suffered a lack of notice of the taxpayers' appeal.

The Town next claims that the superior court erred when it granted plaintiffs' motion to amend the pleadings to allege insufficient findings by the Board as a ground for relief. On December 17, 1979, the plaintiffs filed a timely appeal from the Board's decision pursuant to 32 V.S.A. § 4461(a). It was not until April 4, 1980, approximately four months after the time for filing a § 4461(a) appeal had expired, that the plaintiffs moved to amend their pleadings. It is the Town's position that amendment of the pleadings was improper because made after the time for filing § 4461(a) appeals had run.

This issue may be resolved by applying the standards set forth in V.R.C.P. 15(c), which provides in relevant part: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Rule 15(c) is grounded on the notion that a party who has been notified of litigation concerning a given transaction has been accorded all the notice that statutes of limitations are intended to afford. 3 Moore's Federal Practice ¶ 15.15, at 198–208 (2d ed. 1980).

The plaintiffs' original pleading was concerned with the conduct of the Board in hearing their tax appeal. In it they sought relief pursuant to 32 V.S.A. § 4404(c) because of the Board's failure to hold the hearing in a timely manner. The amendment to the complaint, although raising another ground for relief, also sought application of the express sanctions contained in § 4404(c). The Town was thus given fair notice by the original pleading that a claim was being asserted against it for a particular transaction or occurrence. We therefore hold that the amended complaint relates back to the original pleading and satisfies the time limits of 32 V.S.A. § 4461(a). There was no error.

The Town's remaining arguments may be quickly disposed of since they are essentially the same as those raised against the Merediths. First, we reject the claim that the

Board's findings satisfied the requirements of 32 V.S.A. § 4404(c). In this regard it is interesting to note that although the Town strenuously urges that we accept the findings, it does not quote them in its brief. After reviewing the purported findings we appreciate the soundness of this strategy. Again quoting from *Punderson, supra,* 136 Vt. at 225–26, 388 A.2d at 376: "[T]he Legislature meant for an appealing taxpayer to get reasons, as well as a result, when a board of civil authority rules against him, with the alternative of former tax valuation, for one year only, where that requirement is not met." In this case the plaintiff-taxpayers received a result but not the reasons behind it. Accordingly, the sanction of former tax valuation for one year provided in § 4404(c) was properly applied by the superior court. Finally, our above holding to the contrary eliminates the need for us to consider the Town's contention that the plaintiffs were obligated to file objections pursuant to 32 V.S.A. § 5292 in order to preserve their challenge to the Board's findings.

### III. *The Collins*

The Town raises no arguments for reversal in its appeal from judgment in favor of Lyle and Isabel Collins that have not been resolved above. Therefore, the judgment is affirmed.

### IV. *The Moreaus*

The Board's purported findings in the tax appeal of plaintiffs Jeanne and Andre Moreau are unquestionably inadequate. After reappraisal, the market value of plaintiffs' property was increased from $7,700 to $126,000. On appeal, the Board reduced the assessment to $121,000. In support of its action the Board "found": "Swamp is poor land," and added "After considerable discussion of this and similar land motion was made and passed to do the following: 19.84 acre swamp x 400 and 25.02 acres at 651." These findings do not provide the reasons for the Board's result as mandated by *Punderson, supra.* The superior court's holding to this effect was correct.

As in the case of several other taxpayers in these appeals, the Moreaus filed a cross-appeal from the decision of the superior court. The central issue raised by the cross-appeals is

whether the sanctions of § 4404(c) are applicable because of the town clerk's failure to call a meeting of the Board on or before June 27, 1979, as required by 32 V.S.A. §§ 4404(b) and 4341. There appear to be several problems with this argument, the primary of which is the apparent limitation of the sanction contained in § 4404(c) to failures by the Board, and not by other officials such as the town clerk. In any event, it is not necessary to resolve this question in light of our decision affirming the superior court's judgments in favor of the taxpayers on other grounds.

Finally, we decline to address the remaining issues briefed by the Town. These issues were neither litigated nor decided below, and thus will not be considered for the first time on appeal. *In re Town of St. Johnsbury School District,* 137 Vt. 557, 558, 409 A.2d 573, 574 (1979); *University of Vermont* v. *Town of Mendon,* 136 Vt. 400, 402, 392 A.2d 415, 416 (1978).

*Affirmed.*