Ran-Mar Inc. v. City of Barre, No. 378-6-02 Wncv  (Toor, J., Nov. 30, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
WASHINGTON COUNTY, SS

| | |
|---|---|
| RAN-MAR, INC.,R & G<br>PROPERTIES III, INC., et al.,<br>  Plaintiffs,<br><br>  v.<br><br>CITY OF BARRE  and OLIVER<br>L. TWOMBLY, ESQ.,<br>  Defendants | SUPERIOR COURT<br>Docket No. 378-6-02 Wncv |

RULING ON MOTION TO DISMISS AND MOTION FOR CLASS CERTIFICATION

        This case arises out of the imposition of attorney's fees in connection with the collection of past-due property taxes. Plaintiffs Ran-Mar and R & G are taxpayers who claim that they were charged attorney's fees without a legal basis therefor. They assert claims for declaratory and injunctive relief based upon a state statute, unjust enrichment, violation of 42 U.S.C. §  1983, and violation of the Vermont Constitution. They also seek class certification. Defendants Barre and Twombly have moved to dismiss, and have opposed class certification. Oral argument took place on October 17.

Relevant Facts

For purposes of a motion to dismiss, the court must determine the following question: if all facts[1] alleged in the complaint were proven, could the plaintiff be entitled to any relief? If the answer is no, the complaint must be dismissed. In relevant part, the facts alleged in the complaint are as follows.

Ran-Mar and R&G jointly own a parcel of real estate in Barre. At the start of 2002, they owed delinquent property taxes for the year 2001-02. On or about January 25, 2002, the Town hired Attorney Twombly to provide legal services in connection with collecting the taxes. On or about January 31, Twombly sent Ran-Mar a letter stating that the property was scheduled for tax sale on March 28. Attached to the letter was a statement of delinquency from the Town that included a fifteen percent attorney's fee. The fee was $542.96. The complaint alleges that this fee was charged by both the Town and Twombly, acting in concert. The letter stated that if payment was not made by February 15, the tax sale would proceed. On or about March 14, 2002, Ran-Mar and R&G paid the attorney's fee under protest.

<u>Procedural History</u>

This case was filed on June 20, 2002. It was removed to federal court on July 29, 2002. The federal court ultimately determined that it lacked jurisdiction and remanded the case to this court on August 30, 2004. The reasons for the court's ruling were set forth in a companion case, <u>Ran-Mar Inc. and RHD Development Co, Inc. v. Town of Berlin, McKee, Giuliani & Cleveland, P.C. and Gloria Rice</u>, Docket No. 1:02-cv-185 (D. Vt. 2004). The rationale in that decision was that the federal court lacks jurisdiction over claims such as these because of the federal Tax Injunction Act, 28 U.S.C. § 1341.

---

[1] The court here distinguishes between allegations of fact and conclusory allegations of law. *See, e.g.*, <u>Leeds v. Meltz</u>, 85 F.3d 51, 53 (2d Cir. 1996).

Defendants filed a motion to reconsider in federal court. On November 16, 2004, the case was again remanded to this court. On January 24, 2005, the Town and Twombly renewed the motion to dismiss that had been filed at the start of the case, prior to removal. Oral argument took place on October 17, 2005. Additional memoranda were filed subsequent to the argument.

Conclusions of Law

1. The Tax Injunction Act

The Town and Twombly argue that Counts 1, 3 and 4 of the complaint (all but the unjust enrichment claim) are barred by the federal Tax Injunction Act. That statute states in relevant part:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341. Based upon principles of non-interference with state taxation, federal constitutional claims relating to the assessment or collection of taxes cannot proceed where state law remedies exist. National Private Truck Council v. Oklahoma Tax Commission, 515 U.S. 582, 590 (1995). The Supreme Court has gone beyond the language of the statute – which applies only to federal courts – and held that this is true whether the federal claim is brought in federal or state court. Id. at 591.[2]

---

[2] Plaintiffs argued in federal court that the Tax Injunction Act did not apply here because the issue is over "fees," not "taxes." The federal court rejected that argument and found that under the federal statute, the attorney's fees constitute taxes. Without deciding whether or not it is required to apply the federal court's reasoning under the "law of the case" doctrine, this court will defer to the federal court's interpretation of the federal statute in this case, and will not revisit in this case the issue of whether these are "fees" or "taxes" under the *federal* statute.

3

Based upon National Truck Council, it is clear that the federal claim brought in this court under 42 U.S.C. § 1983 must be dismissed, because there are state law remedies that Plaintiffs can assert, and have asserted.[3]

Defendants also argue, however, that the state law claims based upon state statute and upon the state constitution must also be dismissed under the authority of National Truck Council. The court disagrees. The National Truck Council decision expressly stated that "[a]bsent a valid federal prohibition, state courts are free to issue injunctions and declaratory judgments under *state* law." Id. at 592 (emphasis in original). The Court made clear that it barred only claims seeking "declaratory or injunctive relief against a state tax pursuant to § 1983[.]" Id. Thus, the court denies the motion to dismiss the statutory and state constitutional claims under the National Truck Council doctrine.

## 2. Exhaustion of Administrative Remedies

Defendants go on to argue that all of the claims in this case should be barred because Plaintiffs failed to exhaust their administrative remedies as required by statute. The statutory provisions require a taxpayer to take certain steps to challenge "the validity of some part or all of a tax." 32 V.S.A. § 5291. Those steps include filing a certified copy of the objections with the Town by January 15 of the year after the tax is assessed. Id. and § 5292. The Town and Twombly thus argue that because no such filing ever occurred, this action must be dismissed.[4]

The court disagrees. The issue in this case is attorney's fees, not an assessment of taxes. As stated by our Supreme Court:

> Whether or not these plaintiffs may challenge the validity of the taxes
> previously assessed, they are entitled to raise defenses against improper or

---

[3] While one might fairly question whether this case is an example of a "speedy and efficient" remedy, the delays have in large part resulted from the removal to federal court. In any case, neither party has raised the issue.
[4] While the fact that no formal objection was filed is not a fact set forth in the complaint, the plaintiffs by their arguments have conceded this to be the case. *See* Plaintiffs' Opposition to Defendants' Renewed and Supplemental Motion to Dismiss (filed Feb. 9, 2005).

4

> defective actions looking to collection. These are issues outside the validity of the assessment referred to in 32 V.S.A. § § 5291 and 5292.

Dike v. McCormick, 128 Vt. 349, 350 (1970). While Defendants argue that Dike is distinguishable because it dealt with lack of notice of a tax sale, the court is not persuaded. The point of Dike is a distinction between assessing the amount of taxes due and the steps that follow in its collection. Here, taxpayers do not dispute the amount of their property taxes, or even the penalties. Instead, they challenge the add-on fees that are part of the collection process. This Dike permits them to do without exhausting administrative remedies.

Nor is it relevant that the federal court determined that, under federal law applicable to the federal Tax Injunction Act, the fees here would be considered a tax. That was a determination construing an entirely different statute and applying federal, not Vermont, law. Under Vermont law, Dike controls.

### 3. The Motion for Class Certification

Plaintiffs seek certification of a class consisting of "all persons who paid 'attorney's fees' to one or both of the Defendants in excess of the amounts permitted by 32 V.S.A. § 5258, subject to the applicable statute of limitations periods." Motion to Certify Class, p. 1 (filed June 20, 2002).

Defendants argue that Plaintiffs have failed to satisfy the requirements for class certification. The court agrees. Class certification is appropriate only when, *inter alia*, "the class is so numerous that joinder of all members is impracticable[.]" V.R.C.P. 23(a). Here, Plaintiffs have put forth no evidence whatsoever about the size of the potential class. The numbers proffered by Defendants in their memorandum are not in evidence, and the court therefore will not rule based

upon them, but Plaintiffs have proffered no evidence whatsoever on this issue.[5] Thus, without reaching Defendants' other arguments, the court denies the motion for class certification.

<u>Order</u>

The court grants the motion to dismiss the claim brought under 42 U.S.C. § 1983. The court denies the motion to dismiss the statutory and Vermont constitutional claims. The court denies the motion for class certification.

Dated at Montpelier this 30th day of November, 2005.

_____
Helen M. Toor, Superior Court Judge

---

[5] It is obvious, however, that the numbers are limited to a limited class of Barre property owners. On its face it seems unlikely that the numbers would be substantial.