*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2014-231

JANUARY TERM, 2015

| | | |
|---|---|---|
| J. Herbert Dahm, Jr. and Arlene L. Dahm | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Orleans Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Town of Charleston | } | DOCKET NO. 260-10-10 Oscv |

Trial Judge: A. Gregory Rainville

In the above-entitled cause, the Clerk will enter:

The Dahms appeal from the superior court, civil division's order in this property tax appeal. We affirm.

The record indicates the following. In June 2010, the Town of Charleston notified the Dahms that the grand list value of their property was $93,000. The Dahms filed a grievance with the Town regarding the assessment. They did not challenge the validity of the grand list itself. The town denied the grievance, and the Dahms appealed to the Board of Civil Authority. The Board upheld the town's assessment, and the Dahms appealed to the superior court in October 2010.

After almost two years of discovery, the parties filed cross-motions for summary judgment. As relevant here, the Dahms argued that the town's 2010 grand list was invalid because the listers were unqualified and the grand list had not been properly adopted. The court found no evidence that the Dahms had complied with 32 V.S.A. § 5292(a) so as to allow them to challenge to the validity of the grand list. Section 5292(a) provides that:

> A taxpayer shall not contest the validity of any tax assessed against his or her person, personal property or real estate nor the validity of the action of the listers or selectboard in assessing such tax nor the validity of any grand list unless the taxpayer filed his or her objections to the validity thereof, in the office of the town clerk where the tax is assessed, within a period of two months from November 15 of each year in which the tax is assessed.

See also Hojaboom v. Town of Swanton, 141 Vt. 43, 49 (1982) ("[W]here a taxpayer asserts that the grand list is invalid because of the listers' noncompliance with relevant statutes, [the taxpayer] must file [the] objections as required by § 5292(a)."), superseded on other grounds by statute as recognized in Harris v. Town of Waltham, 158 Vt. 477, 481 (1992). Given their failure

to comply with the statute, the court concluded that the Dahms lacked standing to challenge the validity of the grand list on appeal. The court determined that there was one genuine issue of material fact for trial, that is, whether the value of the Dahms' property had materially changed between 2007 and 2010 as a result of the economic recession and certain land use restrictions adopted by the governing owners' association after 2007.

Subsequent to this ruling, in October 2012, the Dahms filed a motion to amend the scope of the appeal, seeking again to challenge the validity of the grand list. The Dahms asserted that the issue of the validity of the grand list was jurisdictional and that they discovered the failure of the listers for the first time during discovery. The court denied the motion, reiterating that the issue of whether the Dahms had timely contested the grand list had been resolved against them in the court's summary judgment ruling.

Following a December 2013 merits hearing, the court upheld the Board's assessment and set the listed value of the Dahm property at $93,000. It made the following findings. The Dahms own four parcels of unimproved land totaling 17.6 acres in the Winape Hills subdivision of Charleston, Vermont. The property is located one-half mile from Lake Seymour, but there is access to the lake via a common area with forty feet of lake frontage. All properties in the town, including the Dahm property, were assessed based on a 2006 municipal-wide reassessment.

The Dahm property had been the subject of a property tax appeal to the State Appraiser in 2007. The State Appraiser set the listed value at $93,000 for the years 2007, 2008, and 2009. This decision was not appealed. The State Appraiser found that the highest and best use of the property was for single-family-residential or vacation use. One of the lots could be developed with a single-family dwelling, but development of the other two lots with a water supply and septic system for on-site disposal would be difficult, if not impossible. The appraiser found that these lots could be used for vacation sites that provide access to the lake and that there was demand for such lots. The appraiser found the lots to be "ideal vacation spots" for recreational vehicle (RV) owners.

Land use in the Winape Hills subdivision is regulated by a property owners' association, which issues regulations delineating restricted uses. In August 2009, the property owners' association amended its regulations, forbidding the parking of nonmember-owned vehicles, including RVs. It additionally restricted owners from offering access to the lake for any fee or remuneration.

Based on these findings, the court first considered the Dahms' argument concerning the validity of the grand list. The Dahms argued that an Open Meeting Law violation rendered the town's grand list nonbinding which effectively meant there was no grand list and, consequently, no valid basis on which they could be taxed. As indicated above, the court rejected this argument in a summary judgment decision, and it found no basis to reconsider its ruling on this issue. The court reiterated that the Dahms had not complied with the statutory requirements to challenge the validity of the grand list within the required time frame. They did not file any challenge to the grand list with the town listers or with the BCA. The court also rejected the Dahms' assertion that the question of whether the grand list is valid was jurisdictional and that jurisdictional issues could be raised at any time during an appeal. The court explained that 32 V.S.A. § 5292(a) presented a standing requirement to contest the validity of assessed taxes, and it was not like the subject-matter-jurisdiction cases on which the Dahms relied.

As to property valuation, the Dahms first asserted that, due to the economic downturn, property values dropped and they were just beginning to recover. The court found that the Dahms presented credible evidence showing that property values in the area had declined in value. It disagreed with the Dahms, however, that the appraisal they submitted was more reliable, current, and proper to use in evaluating their property for tax purposes. The court found that the town had presented evidence showing that all properties in the town were assessed based on a 2006 assessment. Thus, the court reasoned, if the Dahms' property was overvalued in light of the recession, it was overvalued in proportion with all other property in the town. If the court were to value their property consistent with its post-recession value, this would result in a disproportionately and unfairly light tax burden for the Dahms.

The Dahms also argued that the rule change implemented by the property owners' association, which prohibited the commercial development of any land within the subdivision including site rental to RVs, had a significant impact on the value of their property that should be reflected in the assessment. The court rejected this argument. It explained that the State Appraiser had found that the highest and best use of the property was for "single family residential or vacation use," not commercial use. A property's fair market value for tax assessment purposes is based on its highest and best use. While the State Appraiser found that the Dahms' lots were "ideal vacation spots" for RVs, she did not contemplate the possibility that the lots could be rented out commercially. Anyone who wished to purchase the lots in the future could use an RV and the property's value remained undiminished in that regard. The court thus concluded that the Dahms failed to meet their burden of proof to rebut the fair market value of their property as established by the Town. The Dahms appealed from this decision.

The Dahms first argue that the court erred in ruling that they lacked standing to challenge the validity of the grand list. They do not squarely address the relevant language of 32 V.S.A. § 5292(a). Instead, they argue that they are not challenging any "action of the listers" because no action has occurred. Assuming that they have standing to pursue their claim, the Dahms go on to address the merits of their claim.

We agree with the trial court that the Dahms failed to comply with the statutory requirements that would allow them to challenge the grand list. Section 5292(a) plainly requires them to raise any such objection before the town "within a period of two months from November 15 of each year in which the tax is assessed." The Dahms' presented no evidence that they did so. As the trial court noted several times, this does not present a question of subject matter jurisdiction, which may in fact be raised at any time. See Boisvert v. Boisvert, 143 Vt. 445, 447 (1983) ("It is well settled that a court's lack of subject matter jurisdiction may be raised at any time."); Lamell Lumber Corp. v. Newstress Intern., Inc., 2007 VT 83, ¶ 6, 182 Vt. 282 (" 'Subject matter jurisdiction' refers to the power of a court to hear and determine a general class or category of cases."). Rather, at issue is a statutory time limit on such challenges. See Hojaboom, 141 Vt. at 49 (explaining that "[u]nder 32 V.S.A. § 5292(a) a taxpayer must file objections to the validity of the tax assessed against him in order to have standing to contest the same," and this principle applies equally to challenges to the validity of the grand list). Because the Dahms are barred by statute from pursuing this claim, we do not address this claim on the merits.

The Dahms next argue that the court should have credited their arguments that the economic recession devalued their property as did the regulations concerning RV use. As to the

first issue, the Dahms assert that the court's decision "ignores the reality of property valuation, and welds the property . . . to an aging appraisal in the name of fairness and equity." With respect to the second argument, the Dahms assert that if they cannot build on the lot and cannot rent it for RV parking, then there is only a limited value to the property.

The trial court considered these arguments and rejected them. It concluded that if the Dahms' property was overvalued in light of the recession, it was overvalued in proportion with all other property in the town. As the court explained, if it were to value their property consistent with its post-recession value, this would result in a disproportionately and unfairly light tax burden for the Dahms. This reasoning is consistent with the law. See generally Alexander v. Town of Barton, 152 Vt. 148, 155 (1989) (recognizing that listing property at updated fair market value each year is "unachievable," and thus, duty of reviewing body is to "equalize, that is to set listed values at an amount that will correspond to the listed value of comparable properties within the town" (citations omitted)). As to the regulations concerning RV use, the court explained that the State Appraiser had found that the highest and best use of the property was for "single family residential or vacation use," not commercial use and that a property's fair market value for tax assessment purposes is based on its highest and best use. While the State Appraiser found that the Dahms' lots were "ideal vacation spots" for RVs, she did not contemplate the possibility that the lots could be rented out commercially. Based on this, the trial court reasonably concluded that anyone who wished to purchase the lots in the future could use an RV and the property's value remained undiminished in that regard.

The Dahms essentially challenge the court's assessment of the weight of the evidence, a matter reserved exclusively for the trial court. See, e.g., Scott Constr., Inc. v. City of Newport Bd. of Civil Auth., 165 Vt. 232, 239 (1996) (trier of fact has discretion to determine the weight, credibility and persuasive effect of the evidence). We will not reweigh the evidence on appeal. We find no error in the court's decision.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

4