### In re Stanley D. Stocker

[333 A.2d 92]

No. 1-74

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed February 4, 1975

162

*Natt L. Divoll, Jr., Esq.,* Bellows Falls, for Plaintiff.

*Albert T. Bolles, Esq.,* Bellows Falls, for Town of Rockingham.

**Barney, C.J.** The plaintiff is here seeking to rescue his property tax appraisal appeal from dismissal. The lower court found he should be out of court because of improper service of of his notice of appeal to that court.

The plaintiff taxpayer began by appealing his appraisal to the grievance hearing. Rejected there, he went on to the board of civil authority, also unsuccessfully. He then sought relief under 32 V.S.A. § 4461. Under this section he had an election to appeal either to the county court or the tax commissioner. He chose the county court option which required service to be made on the town clerk, the town agent and the chairman of the board of listers. This he accomplished by mailing each of these officers, within the appropriate time, a notice of his appeal. The original notice was filed in county court August 28, 1972.

For various reasons the matter was delayed, and new counsel entered for the town about a year later. At that time he filed a motion to dismiss, alleging improper service. A hearing was had and findings made.

The lower court found this appeal to be governed by V.R.C.P. 75, relating to review of governmental actions. That

rule calls for service of any complaint in proceedings under it to be in accordance with V.R.C.P. 4. Service under that rule is required to be by officer, in the circumstances of this case. Based on this the lower court dismissed the action.

Accepting all this, we still must reverse. Under the provisions of V.R.C.P. 12(h)(1), the failure to raise a defense based on insufficiency of service of process for thirteen months after the bringing of the appeal puts the question out of reach by waiver. Defenses not based on lack of jurisdiction of the subject matter must be timely raised to be preserved. *O'Brien* v. *Comstock Foods, Inc.*, 123 Vt. 461, 467, 194 A.2d 568 (1963).

After the order of dismissal the taxpayer filed a motion to be allowed to make new service in accordance with V.R.C.P. 4. Since the lower court had jurisdiction of the matter at least to that extent, and nothing by way of the slightest prejudice had been shown, the motion ought to have been granted so that the appeal could be heard. We remand that this may be done.

*Order of dismissal reversed and cause remanded.*