### Walter R. Mowle and Margaret A. Mowle v. Town of Sherburne

[436 A.2d 770]

No. 425-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed September 1, 1981

156

*Walter R. Mowle* and *Margaret A. Mowle,* pro se, Sherburne, Plaintiffs.

*Langrock Sperry Parker & Stahl,* Middlebury, for Defendant.

**Underwood, J.** The plaintiffs, taxpayers of the Town of Sherburne, represented themselves at every stage below in an attempt to reduce the appraisal of their real estate for the tax year 1980. As a result of an appearance before the listers at a grievance day hearing, they received a slight reduction in the appraisal, but not being satisfied, they pursued an appeal to the Board of Civil Authority. They fared no better before the Board, which affirmed the action of the listers.

The plaintiffs then opted to appeal the decision of the Board, pursuant to 32 V.S.A. § 4461(a), to the Rutland Superior Court rather than to the Director of the Property Valuation and Review Division (the Director). Notice of this appeal was given by way of certified mail, return receipt

requested, to the town clerk, the town agent and the chairman of the Board of Listers of Sherburne.

The defendant filed a motion to dismiss the appeal for improper service and therefore lack of jurisdiction. This motion was granted and the appeal was dismissed with prejudice. The plaintiffs then moved the court to amend its order to permit them to make service by sheriff. This motion was denied, and the plaintiffs appeal.

We cannot help but comment in passing that this is another instance in which the presiding judge should have been sitting and deciding the issues alone. Instead, he permitted the assistant judges to sit with him and partake in the deliberation process and the signing of orders. 32 V.S.A. § 4461(a) mandates that tax appeals from the Board of Civil Authority to the superior court "shall be heard by the presiding judge, sitting alone and without jury." In view of our affirmance of the order dismissing the plaintiffs' appeal to the superior court, however, we need not address this defect further.

The facts of this case closely parallel those of *In re Stocker*, 133 Vt. 161, 333 A.2d 92 (1975). In both that case and this one, the plaintiffs elected to appeal the decision of the Board of Civil Authority to the superior court. They were under the impression that they had each complied with the notice requirements when they sent a notice of appeal, within the appropriate time, by certified mail, return receipt requested, to the town clerk, the town agent and the chairman of the Board of Listers. Unlike the Town of Rockingham in the *Stocker* case, however, the Town of Sherburne did not wait thirteen months to file its motion to dismiss. It filed that motion twenty days after the plaintiffs' attempted service by mail.

Although the defendant conceded that it had received actual notice of the appeal, it did not thereby waive its right to contest the court's jurisdiction for insufficiency of service of process.

Ironically, if the plaintiffs had opted to take their appeal to the Director rather than to the superior court, all that would have been required by way of notice, pursuant to 32 V.S.A. § 4461(a), would have been to mail the notice of appeal (in triplicate), by prepaid first class mail, together with a

fee of $15, to the office of the Director. It would then have been incumbent upon the Director to give appropriate notice to the town clerk, who in turn, would have had to notify the town agent and the chairman of the Board of Listers. 32 V.S.A. § 4462.

By pursuing their appeal to the Rutland Superior Court, however, the plaintiffs chose a route which required notice to be served by a sheriff, constable or other person authorized by law, upon the town clerk, the town agent and the chairman of the Board of Listers personally. V.R.C.P. 75; V.R.C.P. 4; *In re Stocker, supra,* 133 Vt. at 163, 333 A.2d at 93.

We hold that the facts in this case are governed by *In re Stocker, supra,* and that the service of process by mail was therefore insufficient. The court properly dismissed the appeal and lacked the power to amend its order for the purpose of permitting the plaintiffs to serve the notice of appeal by sheriff. *Roddy* v. *Estate of Fitzgerald,* 113 Vt. 472, 476, 35 A.2d 668, 670 (1944); *Hayden, Admx.* v. *Caledonia National Bank,* 112 Vt. 30, 33, 20 A.2d 675, 676 (1941).

*Judgment affirmed.*