# Mountainview Association, Inc. v. Town of Wilmington

[523 A.2d 1239]

No. 85-381

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed January 23, 1987

*William M. McCarty* and *Adam M. Kushner* (On the Brief), Brattleboro, for Plaintiff-Appellant.

*Robin Stern* of *Gale, Gale, Barile & Corum*, Brattleboro, for Defendant-Appellee.

**Hill, J.** Taxpayer appeals the dismissal by the Windham Superior Court of an appeal from a decision of the Wilmington Board

of Civil Authority. We strike the judgment and remand to allow taxpayer to make proper service.

The sole issue in this appeal is whether the taxpayer's failure to strictly comply with the requirements of 32 V.S.A. § 4461(a) for service of process in tax appeals from the board of civil authority to the superior court* mandated dismissal of the appeal.

Taxpayer's grievance hearing was held on March 22, 1985. On that date, Russell S. Hanson was the chairman of the Wilmington Town Board of Listers. On March 26, 1985, Frank Childs, Jr. was elected to replace Hanson as chairman. On May 9, 1985, taxpayer served timely notices of appeal on the town clerk, the town agent, and on Hanson, whom taxpayer believed was still chairman of the board of listers. The Town moved to dismiss the appeal, alleging, among other things, that the present chairman of the board of listers, Frank Childs, Jr., had not been personally served.

The trial court, relying on our decisions in *Mowle* v. *Town of Sherburne*, 140 Vt. 155, 436 A.2d 770 (1981), and *In re Stocker*, 133 Vt. 161, 333 A.2d 92 (1975), dismissed the appeal on the grounds that taxpayer, by failing to serve personally the individual who held the office of chairman of the board of listers at the time of the filing of the notice of appeal, failed to comply strictly with the requirements of 32 V.S.A. § 4461(a). The lower court's decision was consistent with the general rule adopted by this Court that "statutory service requirements demand strict compliance." *Hojaboom* v. *Town of Swanton*, 141 Vt. 43, 50, 442 A.2d 1301, 1305 (1982).

The taxpayer's appeal, however, was dismissed by the trial court without prejudice, so the question arises whether, under the facts of this case, the failure to serve the appropriate person was a curable defect in service of process. See V.R.C.P. 4; *Hojaboom*, 141 Vt. at 50-51, 442 A.2d at 1305; *In re Stocker*, 133 Vt. at 163, 333 A.2d at 93. Although the taxpayer did not move in the trial court for leave to make proper service, or raise in its brief the issue of whether it should have been allowed to, we nevertheless conclude that under the facts of this case, the interests of justice require us to address this issue. See *Mislosky* v. *Wilhelm*, 130 Vt. 63, 70, 286 A.2d 267, 272 (1971); *In re Estate of Pringle*, 119 Vt. 8, 9-10, 117 A.2d 379, 380 (1955).

---

* The statute provides that "service shall be made on the town clerk, the town agent and the chairman of the board of listers." 32 V.S.A. § 4461(a).

In *Mowle*, we held that service of a notice of appeal by registered mail, in a proceeding identical to the one at issue here, was inadequate where the statute and applicable rules required service by a sheriff, constable, or other person authorized by law. *Mowle*, 140 Vt. at 158, 436 A.2d at 771. We also stated in *Mowle* that the trial court "lacked the power to amend its order for the purpose of permitting the plaintiffs to serve the notice of appeal by sheriff." *Id.* at 158, 436 A.2d at 772. Because this part of the holding in *Mowle* creates the potential for harsh and unjust results — as illustrated by the facts of this case — we find it necessary to reconsider whether defects in the service of process in tax appeals under 32 V.S.A. § 4461(a) are curable defects.

We have expressly held that the failure to raise in a timely manner a defense based on insufficiency of service of process in a tax appeal under 32 V.S.A. § 4461 is a waiver of that defense. *In re Stocker*, 133 Vt. at 163, 333 A.2d at 93 (failure to raise a defense based on insufficiency of service of process for thirteen months after bringing of the appeal put the question out of reach by waiver). It necessarily follows, therefore, that if a defect in service of process is waivable, it is not the type of defect which deprives the trial court of jurisdiction over the subject matter of an action. See *Howe* v. *Lisbon Savings Bank & Trust Co.*, 111 Vt. 201, 207, 14 A.2d 3, 6 (1940) ("neither waiver nor consent can confer jurisdiction of the subject matter upon any court where it is not given by law"). Therefore, defects in service of process do not, strictly speaking, affect the power of the court to make orders respecting the curing of such defects. See *Myers* v. *Brown*, 143 Vt. 159, 165, 465 A.2d 254, 257 (1983).

"[S]ervice of process [is] primarily a notice-giving device." 4 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1083, at 333 (1969). Furthermore, if service of process is defective, but a reasonable prospect exists that plaintiff could properly serve defendant, a court should treat a motion to dismiss as a motion to quash service and retain the case pending effective service. See, e.g., *Bailey* v. *Boilermakers Local 667 of International Brotherhood of Boilermakers*, 480 F. Supp. 274, 278 (N.D.W. Va. 1979); see also 5 C. Wright & A. Miller § 1354, at 586. Where it appears that a defendant has received full notice of an appeal, and no prejudice is shown to defendant from allowing plaintiff to make service on the proper party, a court should normally retain the case to allow plaintiff to make proper service. This conclusion

carries additional weight in a Rule 75 appeal such as this because of the principle that "[s]tatutes giving and regulating the right of appeal are recognized as remedial in their nature and should receive a liberal construction in furtherance of the right of appeal." *In re Estate of Pringle*, 119 Vt. at 9, 117 A.2d at 380 (citing *In re Maurice*, 117 Vt. 264, 268, 90 A.2d 440, 443 (1952)).

In the present case, taxpayer received a decision from the board of listers, and two days after the decision was rendered, a new chairman of the board assumed office. Taxpayer made a good faith effort at compliance, and there is no question that the Town had actual notice of the appeal. Given the timing of the change in chairman, and the fact that service on the other two town officials under 32 V.S.A. § 4461 and Rule 75 was flawless, it would be harsh and unfair to deny taxpayer the opportunity to make service on the proper person.

■ In light of our policy in favor of the preservation of the right to appeal, and upon reconsideration of the impact of a technical defect in service of process on the power of a court to act in the matter before it, we hold that where a defendant has full notice of an appeal and no other prejudice to the defendant is shown, a taxpayer who has made a good-faith but defective effort at service of process should be allowed to cure such defect by making service on the proper party. See *In re Stocker*, 133 Vt. at 163, 333 A.2d at 93. To the extent inconsistent with this holding, *Mowle* v. *Town of Sherburne* is hereby overruled.

*Judgment is stricken and the case is remanded to allow plaintiff to make proper service within 30 days if so advised.*

**Allen, C.J.,** concurring. I concur in the result. The Town's failure to raise the defense of insufficiency of service of process within twenty days of the service of the notice of appeal as required by V.R.C.P. 12(h)(1) waived the defense. *In re Stocker*, 133 Vt. 161, 163, 333 A.2d 92, 93 (1975).