CHRISTINE E. ANDRESON vs. NICHOLAS G. ANDRESON.

No. 89-P-316.

Worcester. May 17, 1990. - November 7, 1990.

Present: ARMSTRONG, PERRETTA, & JACOBS, JJ.

*Res Judicata. Constitutional Law*, Full faith and credit. *Practice, Civil*, Judgment. *Comity*.

In an action brought in the Superior Court seeking enforcement of that portion of a Vermont final judgment of divorce which ordered a husband to convey to his wife an interest in real estate situated in Massachusetts, principles of res judicata and requirements imposed by art. 4, § 1, of the United States Constitution dictated that full faith and credit be given to the Vermont judgment, where defenses asserted by the husband were directed to the merits, not the validity, of the Vermont judgment. [479-481]

CIVIL ACTION commenced in the Superior Court Department on December 17, 1984.

A motion for summary judgment was heard by *James P. Donohue*, J.

*Harry D. Quick, III*, for Nicholas G. Andreson.

*Kirk A. Carter* for Christine E. Andreson.

PERRETTA, J. This is an appeal by the defendant (Nicholas) from a judgment entered in the Superior Court under Mass.R.Civ.P. 56, 365 Mass. 824 (1974), on the complaint of his former wife (Christine) seeking enforcement of that portion of a Vermont Superior Court final judgment of divorce which orders Nicholas to convey to Christine an interest in real estate situated in Worcester.[1] Nicholas, a Massachusetts resident, claims that the land is owned by the N.G.A. Realty Trust, of which he is the trustee, and that the

---

[1] Under Vermont law, Vermont Stat. Ann. tit. 15, § 591 (1989), the Superior Court has subject matter jurisdiction over complaints for divorce. See also Vermont. Stat. Ann. tit. 4, § 113 (Supp. 1990).

trust can be terminated only by the beneficiaries, the parties' two children, ages ten and fourteen at the time of the divorce judgment in 1984. It is Nicholas's contention that the Vermont judgment should not be recognized and enforced because Vermont lacked jurisdiction over him in his capacity as trustee and because the beneficiaries, the children, were not parties to the proceedings. We conclude that the "principles of res judicata and the requirements imposed by art. 4, § 1, of the United States Constitution clearly dictate that we give full faith and credit to the . . . [Vermont] judgment," *Wright Mach. Corp.* v. *Seaman-Andwall Corp.*, 364 Mass. 683, 688 (1974), and affirm the Massachusetts judgment.

1. *The Vermont Proceedings.*

We relate the facts as they appear from the pleadings, affidavits, and exhibits presented to the judge on Christine's motion. The parties were married in 1967, in Vermont, and thereafter resided in Worcester. In 1971, the property in dispute was conveyed to Nicholas. Ten years later, Nicholas and Christine separated, and she and the children took up residence in Vermont. A year later, 1982, Nicholas established the N.G.A. Realty Trust and conveyed the property to the trust. The divorce action was heard by the Vermont court on August 17, 1983, and decided on May 18, 1984.

It is stated in the 1984 Vermont court decision that Nicholas "owns real estate at Park Avenue, Worcester, which he has placed in a revocable trust for the benefit of the children with himself as trustee."[2] In making an equitable assignment of property pursuant to Vermont Stat. Ann. tit. 15, § 751 (1989), the Superior Court awarded to Christine the "sole ownership of the real estate at Park Avenue,

---

[2]The declaration of trust defines the term "beneficiaries" to mean the "beneficiaries listed in the Schedule of Beneficial Interests." The trust "may be terminated at any time by the holder or holders . . . [of] not less than seventy-five (75) percent" of the beneficial interests. Further, "[a]ny trustee may without impropriety become a beneficiary hereunder and exercise all rights of a beneficiary with the same effect as though he were not a trustee." The schedule of beneficial interests is not before us, nor is there anything to show that it was before the Vermont Superior Court in 1983. In any event and as will be seen, any information contained in the schedule is immaterial to our analysis and conclusion.

Worcester, free and clear of any and all claims of . . . [Nicholas]" and ordered that "[i]n the event that . . . [Nicholas] shall fail, refuse and/or neglect to execute the documents necessary to effect the transfer of title to the premises, [Christine] . . . may take whatever legal action may be necessary in Massachusetts to do so."

On his appeal from that judgment to the Vermont Supreme Court, Nicholas filed a brief in which, as here relevant, he made two claims: (1) that the Superior Court abused its discretion in awarding the Worcester property to Christine where there was evidence to show that "it was he who acquired the building and land through family funds and his own effort;" and (2) that the Vermont court panel that decided the case was comprised of judges lacking the requisite statutory authority to preside over the proceedings. Without comment on the latter claim, the Vermont Supreme Court concluded that the findings of the Superior Court relative to the property division were "inadequate" and remanded the case for a new hearing on that issue. See *Andreson* v. *Andreson*, 145 Vt. 634 (1985).

In its 1987 decision after remand, the Vermont Superior Court ordered that "[e]ach of the parties shall have an undivided one-half interest as tenants in common" in the Worcester property. It was further ordered that "[e]ach party shall promptly execute and cause to be publicly recorded and delivered any and all documents including . . . the termination of any declaration of trust with respect to the . . . [Worcester] property and real estate deeds and other instruments of conveyance to accomplish the tenancy in common with respect to . . . [that] property." Nicholas next filed a motion to alter or amend the judgment order and again challenged the composition of the Superior Court panel as well as the award of an interest in the property to Christine. The award was again disputed on the sole basis that Nicholas had acquired the asset through his own effort, it was all that he had, and it was "encumbered." The motion was denied. In its 1988 unpublished opinion, the Vermont Supreme Court identified the issue raised by Nicholas on his appeal from the

judgment as being whether the Superior Court had "abused its discretion by awarding . . . [Christine] an undivided one-half interest" in the Worcester property. The judgment was affirmed.

2. *Enforcement of the Vermont Judgment.*

As recently stated in *First Natl. Bank of Houma* v. *Bailey, ante* 193, 197 (1990), "In the absence of certain defenses directed at the validity of a final judgment of a sister State (see, e.g., *Quinn* v. *Quinn,* 5 Mass. App. Ct. 794 [1977]; *Berrios* v. *Perchik,* 20 Mass. App. Ct. 930, 931-932 [1985]), Massachusetts will recognize and enforce that judgment. See *Wright Mach. Corp.* v. *Seaman-Andwall Corp.,* 364 Mass. [at] 688-689." See also Restatement (Second) of Conflict of Laws § 102 (1971) ("A valid judgment that orders the doing of an act other than the payment of money . . . may be enforced, or be the subject of remedies, in other states").

It is Nicholas's defense to enforcement of the Vermont judgment, which orders that he execute, record, and deliver those documents necessary to terminate the trust and accomplish the tenancy in common, that the judgment is invalid because the Vermont court lacked jurisdiction over him in his capacity as trustee of the N.G.A. Realty Trust. He does not dispute subject matter jurisdiction or personal jurisdiction over him in his individual capacity. As put by him in his brief, he was "not joined to the proceedings in his capacity as trustee" because Christine "elected to serve . . . [him] individually." He argues that this failure to join him as trustee raises a jurisdictional question which can be asserted at "*any* stage of a legal proceeding" (emphasis in original).

Neither the law of Vermont nor Massachusetts supports Nicholas's claim. The defense now asserted by Nicholas in Massachusetts was available to him in Vermont under Vt.R.Civ.P. 12(b)(7), that is, "failure to join a party under Rule 19."[3] Under the provision of Vt.R.Civ.P. 12(h)(2), "a

---

[3] By Vt.R.Civ.P. 1, the rules of civil procedure apply in the "Superior Courts in all suits of a civil nature whether cognizable as cases at law or in equity."

defense of failure to join a party indispensable under Rule 19 . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits."

If this defense was raised on the pleadings (which are not before us) in Vermont, it was thereafter abandoned by Nicholas. His contention on appeal after the first trial was that the property was assigned to Christine rather than to him. At the trial on remand, the declaration of trust, the schedule of beneficial interests, and the deed were admitted in evidence, and Nicholas denied the existence of the trust for want of acceptance by the beneficiaries. "While claims that a court lacks subject matter jurisdiction over a cause before it may be made at any time, [Vt.R.Civ.P.] 12(h)(3), other jurisdictional defenses must be timely raised or they are waived." *Myers* v. *Brown*, 143 Vt. 159, 164 (1988). See also *In re Stocker*, 133 Vt. 161, 163 (1975). This is also the law of Massachusetts. See *Amrhein* v. *Amrhein*, *ante* 336, 339 (1990).[4] Further, as noted, Nicholas made no claim on either appeal to the Vermont Supreme Court that it was error to order him to execute a document terminating the trust. It was not that court's obligation to ignore Nicholas's testimony (that a trust did not exist) and nonetheless consider whether a valid trust existed. See *Buttura* v. *Buttura*, 143 Vt. 95, 98 (1983). The order attacked by Nicholas was consistent with his testimony at the 1986 trial, that the "trust . . . has been revoked and abandoned since it was never accepted by my children." A formal termination of the trust would be necessary to clear title to the property.[5]

---

[4]As here pertinent, Vt.R.Civ.P. 12(b) and (h) are substantially similar to Mass.R.Civ.P. 12(b) and (h), 365 Mass. 755, 757 (1974). However, paragraph (h)(2) has been deleted from Mass.R.Dom.Rel.P. (1975). In concluding that the "absence of a party — even one who is deemed indispensable — is not jurisdictional and may be waived by the parties," *Amrhein*, *supra*, relied on Mass.R.Dom.Rel.P. 12(b)(7) and (h)(3). The same analysis would apply under Vt.R.Civ.P. 12(h)(3).

[5]The deed reflects that the property was conveyed to "Nicholas G. Andreson, Trustee of N.G.A. Realty Trust, under Declaration of Trust dated 15 October 1982." That deed was of the same date as the trust, and both were recorded on October 18, 1982.

Although Nicholas's actions in the Vermont proceedings might give rise to a cause of action by the beneficiaries against him for a breach of fiduciary duty should it be alleged and established that a valid trust, in fact, existed, that possibility does not preclude recognition and enforcement of the Vermont judgment against Nicholas. In direct contradiction of his claim in the Vermont proceedings, Nicholas now seeks to attack the Vermont judgment on the basis that a trust existed and that the beneficiaries, the children, were not parties to the proceeding. No matter that Nicholas now attempts to couch his argument in jurisdictional terms, the contention is no more than yet another challenge to the merits, not the validity, of the Vermont judgment.

That judgment ordering a formal termination of the declaration of trust could be based upon a number of reasons. The Vermont court could have relied on Nicholas's testimony that the trust had never been accepted, or it could have determined that a trust was never intended. See Restatement (Second) of Trusts § 36, and comments (1959); Bogert, Trusts and Trustees § 169 (2d ed. 1979). Cf. *Reynolds* v. *Shambeau*, 140 Vt. 317, 320 (1981). On the other hand, the Vermont court perhaps concluded that, although a valid trust existed, it could be revoked by Nicholas (see note 2, *supra*) and the res considered as marital property subject to an equitable distribution. See *Lynch* v. *Lynch*, 147 Vt. 574, 577 (1987). We will entertain no suggestion that these nonjurisdictional issues were erroneously decided. Any error, if such exists, does not preclude recognition and enforcement of the judgment in Massachusetts. See *Wright Mach. Corp.* v. *Seaman-Andwall Corp.*, 364 Mass. at 691, and cases and authorities therein cited. See also Restatement (Second) of Conflict of Laws, *supra* § 106. This reasoning also disposes of Nicholas's claim concerning the composition of the Vermont Superior Court panel.

*Judgment affirmed.*