Sherman, P.J.
This is an action by a Maine township to enforce a judgment for attorney’s fees and costs issued by a Maine court against the Massachusetts defendants for their violation of Maine conservation laws. The defendants moved for summary judgment on the grounds that the Maine judgment was a penalty and thus unenforceable in this Commonwealth under G.L.c. 235, §23A The trial court granted the plaintiff’s cross-motion for summary judgment, and the defendants filed this Dist./Mun. Cts. RADA, Rule 8C appeal. ,
The material facts are undisputed. Defendants Robert and Am Adenberg (“the Adenbergs”) are Massachusetts residents who own a lake-front vacation home in the Town of Harrison (“the Town”), an incorporated township in Cumberland County, Maine. In 1993, the Town’s Conservation Commission charged the defen *38 dants with violations of Title 30-A Sec. 4452 of Maine’s Revised Statutes ¿M.R.S.A) which governs the enforcement of land use laws and ordinances.[2] Claiming that they were the victims of selective enforcement because they were Massachusetts residents, the Adenbergs vigorously contested both the Commission’s administrative proceedings and the legal action thereafter commenced by the Town of Harrison. In December, 1993, the Ninth District Court Division of South Cumberland (“the Maine court”) granted the Town a preliminary injunction against the Adenbergs. After trial, the Maine court entered judgment for the Town on February 11,1994. The judgment included a civil penalty against Robert Adenberg in the amount of $1,800.00 for six violations of §4452, an award of $16,308.00 in attorney’s fees and $1,453.22 in court costs pursuant to §4452(3) (D),[3] and permanent injunctive relief.
The Adenbergs paid the $1,800.00 civil penalty without contest, but refused to satisfy that portion of the Maine judgment pertaining to attorney’s fees and costs. In September, 1994. the Maine court increased its total award of attorney’s fees and costs to $20,022.59 to compensate the Town for its post-judgment enforcement and collection efforts.
On January 30, 1996, the Town commenced this action to recover the unpaid $20,022.59 fees and costs by filing a “Complaint on a Foreign Judgment” in the Salem Division of the District Court Department. Summary judgment was entered for the Town.
1. The Adenbergs’ principal assertion on this appeal is that the Maine judgment for attorney’s fees and costs is an extrastate judgment for a penalty which is unen *39 forceable in this Commonwealth under The Foreign Money Judgment Enforcement and Recognition Act. G.L.C. 235, §23A[4] Section 23A defines an enforceable foreign judgment as "any judgment of a foreign state granting or denying recovery of a sum of money other than a judgment for... a fine or other penalty... [emphasis supplied].” The short answer, however, to the Aldenbergs’ contention is that the Foreign Money Judgment statute is patently inapplicable in this case for the simple reason that the Maine judgment at issue is the judgment of a sister state rather than the judgment of a foreign state or country. Section 23A of G.L.c. 235 applies exclusively to judgments of a “foreign state” defined expressly and unequivocally in the statute as “any governmental unit other than the United States or any state ... thereof....”
2. The enforcement of sister state judgments in this Commonwealth is not a function of a state statute, but is instead a federal constitutional and statutory mandate. Pursuant to both the Full Faith and Credit Clause of Art. IV, §1 of the United States Constitution[5] and Section 1738 of Title 28 of the United States Code,[6] Massachusetts is obligated to recognize and enforce the final judgment of another state absent certain defenses, such as jurisdiction, which affect the validity of that judgment. Wright Mach. Corp. v. Seaman-Andwall Corp., 364 Mass. 683, 688-689 (1974): Andreson v. Andreson, 29 Mass. App. Ct. 476, 479 (1990). Exceptions to the Full Faith and Credit Clause are rare and narrowly drawn: and the final arbiter of such exceptions is the United States Supreme Court. Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 438 (1943); Titus v. Wallick, 306 U.S. 282, 291 (1939).
The Aldenbergs’ argument on this appeal, however, is devoid of any analysis of the constitutional law of full faith and credit, of any citation of relevant authority as to the scope of, and exceptions to, this doctrine, or of any consideration of alternative principles, including comity. Pursuant to Dist./Mun. Cts. RADA, Rule 16(a) (4), the Aldenbergs have thus waived any right to appellate review of these constitutional considerations. G.E.B. v. S.R.W., 422 Mass. 158, 170 n. 11 (1996); Minasian v. Somerville, 40 Mass. App. Ct. 25, 28 (1996); Cameron v. Carelli, 39 Mass. App. Ct. 81, 85 (1995). We are decidedly disinclined to devote extensive “time in the elucidation of matters not deemed by those in interest as worthy of their own reasoning faculties.” Soscia v. Soscia, 310 Mass. 418, 419-420 (1941). We note briefly that the trial court properly entered judgment for the Town herein.
3. There is an exception to the Full Faith and Credit Clause for penal judgments which has been recognized since 1825 by the Supreme Court. Generally, there is no constitutional requirement for the enforcement of a sister state judgment for a penalty. Sun Oil Co. v. Wortman, 486 U.S. 717, 723 (1988); Testa v. Katt, 330 U.S. 386, 392 (1947); Schaffer v. Leimberg, 318 Mass. 396, 399 (1945). Parks Shellac Co. v. Harris, 237 Mass. 312, 320 (1921). While it may be argued that the attorney’s fees at issue in this case are not per se a penalty, they clearly constitute a claim against the Adenbergs which arose from, or was based upon, a civil penal statute. In Milwaukee County v. White Co., 296 U.S. 268 (1935), the United States Supreme Court expressly left open the issue of whether a statue was required to give full *40 faith and credit to a judgment for an obligation created by a penal law. Id. at 270. See Williams v. North Carolina, 317 U.S. 287, 295 (1942); Philadelphia v. Austin, 429 A.2d 568, 570 (N.J. 1981). The issue apparently remains unresolved.
That the Full Faith and Credit Clause may not require Massachusetts to recognize the Maine judgment at issue herein does not, however, compel the conclusion that Massachusetts could not elect to do so. Principles of comity permit the voluntary recognition and enforcement of the judicial proceedings of a sister state, Delk v. Gonzalez, 421 Mass. 525, 530 (1995), provided that a state’s own citizens are not unfairly prejudiced thereby and a state’s public policies are not impaired. Pacific Wool Growers v. Commissioner of Corp. & Tax., 305 Mass. 197, 209 (1940). Neither party has advanced any argument that Maine’s environmental and land use laws, its enforcement of the same,-or its statutory provision for attorney’s fees to encourage and facilitate such enforcement in any way contravene or are inconsistent with any statute or policy of this Commonwealth. Under such circumstances, the trial court could have properly entered a judgment for the Town herein for the amount of the attorney’s fees and costs awarded by the Maine court.
Judgment affirmed.
So ordered.

 Athough the record does not identify the specific nature of their violations, the defendants admit that they engaged in extensive landscaping of their lake front property. It may be inferred that such landscaping was undertaken without the necessary permits and/or resulted in environmental damage.

 Relevant portions of 30-A M.R.S.A. §4452 provide:
“2. Liability for violations. Any person ... who violates any of the laws or ordinances set forth in subsection 5 or 6 is liable for the penalties set forth in subsection 3.”
“3. Civil penalties. The following provisions apply to violations of the laws and ordinances set forth in subsection 5. Except for paragraph H., monetary penalties may be assessed on a per-day basis and are civil penalties.
A The minimum penalty for starting construction or undertaking a land use activity without a required permit is $100, and the maximum penalty is $2,500.
B. The minimum penalty for a specific violation is $100, and the maximum penalty is $2,500...
D. If the municipality is the prevailing party, the municipality must be awarded reasonable attorney fees, expert witness fees and costs unless the court finds that special circumstances make the award of these fees and costs unjust. If the defendant is the prevailing party, the defendant may be awarded reasonable attorney fees, expert witness fees and costs as provided by court rule.
“4. Proceedings brought for benefit of municipality. A1 proceedings arising under locally administered laws and ordinances shall be brought in the name of the municipality. A1 fines resulting from those proceedings shall be paid to the municipality.”

 The plaintiff also argued the case on the same limited basis. Having found a statute dealing with the enforcement of non-Massachusetts judgments, both parties simply jumped on their respective horses and rode off in all directions.

 “Full Faith and Credit shall be given in each state to the public acts, records and judicial proceedings of every other state.”

 “Judicial proceedings... shall have the same full faith and credit in every court within the United States ... as they have by law and usage in the courts of such state... from which they are taken.”