STATE OF VERMONT
ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| In re: Sports Venue Foundation, Inc. | } | Docket No. 168 - 8 - 07 Vtec |
| Act 250 Land Use Permit | } | (Act 250 Permit #3W0943-1) |
| (Appeal of Dwinell Enterprises, LLC) | } | |

**Decision on Motions to Dismiss**

This matter concerns an appeal filed with this Court from the decision of the District #3 Environmental Commission, ("District Commission") granting Appellee-Applicant Sports Venue Foundation, Inc. ("SVF") an Act 250 Land Use Permit to construct an indoor aquatic center and related fitness facilities. The SVF facilities are proposed to be located next to Appellant's commercial property, on which a similar fitness enterprise, known as "Fountain of Youth" has been operated for a number of years. SVF has filed two motions to dismiss the pending appeal. In its first motion SVF alleges that Appellant does not have standing to bring the appeal; in its second motion, SVF alleges that Appellant failed to adhere to notice requirements. Appellant is pro se; SVF is represented by C. Daniel Hershenson, Esq.

There are many undisputed facts presented by the parties in this proceeding; those undisputed facts that are material to the pending motions are listed below.

**Factual Background**

1. SVF applied for an Act 250 Land Use Permit (Permit Application 3W0943-1) to construct a 40,000-square-foot building, including a competitive pool and exercise studio, on property abutting the pre-existing Fountain of Youth health club facility.

2. Ronald Dwinell has resided in the Town of Hartford for the past eleven years. He represents himself to be the sole owner of Dwinell Enterprises, LLC, which is presumably a limited liability company, otherwise lawfully existing under the laws of the State of Vermont. Mr. Dwinell has asserted at various times that he is the owner/operator of the Fountain of Youth business and alternatively that Dwinell Enterprises, LLC is the owner of the Fountain of Youth business and the real estate upon which it sits.

3. On May 3, 2007, Mr. Dwinell petitioned the District Commission for party status regarding the above-mentioned permit application. In his petition, Mr. Dwinell makes various representations, all in the first person. His representations in this petition and subsequent District

1

Commission filings appear to state his personal concerns about the project and how it may impact the business he personally owns: Fountain of Youth. There is no textual reference to Dwinell Enterprises, LLC or its relationship to Mr. Dwinell, Fountain of Youth, or the real estate upon which the business sits. The only listing of Dwinell Enterprises, LLC is in the signature line at the end of Mr. Dwinell's petition. There is no explanation of the limited liability company's relationship to the pending application.

4. The District Commission issued Findings of Fact[1] with its issuance of the SVF Act 250 Permit #3W0943-1. In its Findings, the Commission announced preliminary party status determinations, including that "Ron Dwinell, owner of the Fountain of Youth Health Spa, and an adjoining residential lot" was granted party status under Criteria 7, 8, 9(A), 9(K), and 10.

5. In its final party status determinations, the District Commission announced that "Mr. Dwinell has not met his burden" regarding Criteria 7, 9(K) and 10, and was consequently granted party status only under Criteria 8 and 9(A).

6. The District Commission made no reference in either its preliminary or final party status determinations, nor in any other determination of which this Court is aware, to Dwinell Enterprises, LLC. From these facts, we conclude that the notion that Dwinell Enterprises, LLC was an entity seeking party status was never presented to the District Commission.

7. On July 16, 2007, SVF was granted Land Use Permit #3W0943-1.

8. On August 13, 2007, Mr. Dwinell filed a Notice of Appeal with the Environmental Court, appealing the District Commission decision. This Notice of Appeal was signed as follows: Dwinell Enterprises, LLC; Ron Dwinell, President. There is no mention in this Notice of Appeal that Mr. Dwinell, in his individual capacity, was appealing the District Commission determinations.

9. On or about September 5, 2007 (i.e.: 23 days after filing his Notice of Appeal with this Court), Mr. Dwinell sent out a document entitled "Notice to Interested Persons." This Notice has a number of names listed on the bottom, although those names appear to be crossed out. Mr. Dwinell has yet to file a certificate of service to evidence to whom he may have sent this Notice.

---

[1] District Commissions often issue written findings of fact after a hearing on a major Act 250 application. See Act 250 Rule 13. A partial copy of the Findings of Fact issued by the District 3 Environmental Commission on July 16, 2007 was filed as Exhibit A to SVF's first motion to dismiss. The Court requests that SVF file a complete copy of the Permit and Findings of Fact, so that the Court may have a complete record of the proceedings below.

10.     By memo dated August 14, 2007, Mr. Dwinell sent out a "press release" about his appeal of the Act 250 permit issued to SVF, but did not at that time arrange for a legal notice to be published in a local newspaper of general circulation.  Mr. Dwinell thereafter arranged for a legal notice concerning this appeal to be published on September 15, 2007 in The Valley News, a daily newspaper in the White River Valley Region, and filed a copy of the tear sheet evidencing that publication with the Court on September 24, 2007.

## Discussion

When ruling on a Motion to Dismiss, the Court must "consider whether, taking all of the nonmoving party's factual allegations as true, 'it appears beyond doubt' that there exist no facts or circumstances that would entitle the plaintiff to relief."  Amiot v. Ames, 166 Vt. 288, 291 (1997) (quoting Levinsky v. Diamond, 140 Vt. 595, 600-01 (1982)).  For the reasons more fully stated below, this Court DENIES the Appellee's first and second motions to dismiss, allowing Appellant to proceed in this appeal.  However, as more fully discussed below, Mr. Dwinell will only be allowed to proceed in his individual name and only after certifying to the Court that he has sent out corrected notices of his appeal.

## 1.     Appellee First Motion to Dismiss

Appellant has listed Dwinell Enterprises, LLC, as the sole appellant in this matter; he has not filed this appeal on his individual behalf.  Because of this undisputed filing status, SVF has moved this Court to dismiss this appeal, as Dwinell Enterprises, LLC did not request, nor was it granted party status in the prior District Commission proceedings.  SVF argues that Dwinell Enterprises, LLC, therefore does not have standing as a party entitled to appeal the District Commission decision to this Court.

In order to appeal a District Commission determination, the appellant must qualify as a "person aggrieved,"[2] and must have been granted party status by the District Commission, participated in the District Commission proceedings, and retained party status until the end of the District Commission proceedings.  10 V.S.A. § 8504(d)(1).  A person denied party status by the District Commission may also appeal.  10 V.S.A. § 8504(d)(2)(B).  Act 250 defines a "person" as an "individual, partnership, corporation . . . or other legal or commercial entity . . .."  10 V.S.A. § 6001(14)(A)(i).

---

[2] See 10 V.S.A. § 8502(7).

The determination of which party – Mr. Dwinell or Dwinell Enterprises, LLC – was granted party status by the District Commission turns on the representations Mr. Dwinell made to the District Commission in the petition for party status and the final party status determinations thereafter made by the Commission. Mr. Dwinell petitioned for party status as "an abutter at my business, and residence, and as an affected party." He represented himself – Mr. Dwinell -- as the owner/operator of the Fountain of Youth Fitness Club. The petition was submitted on Fountain of Youth Fitness Club letterhead.[3] Mr. Dwinell provided no explanation of the relationship between the above-mentioned entities and himself, and thereby failed to establish any connection such that it would be known or understood by the District Commission that the corporation and the fitness club were one in the same,[4] and that Dwinell Enterprises, LLC was to be included among the parties seeking party status.

The District Commission consequently granted preliminary party status to "Ron Dwinell, owner of the Fountain of Youth Health Spa," and granted final party status to Mr. Dwinell, after having found that "Mr. Dwinell did present sufficient evidence under Criteria 8 and 9(A)" (emphasis added). The District Commission granted final party status to Mr. Dwinell individually, but the Commission's determination made no mention of a limited liability company being granted final party status.

It cannot be said that Dwinell Enterprises, LLC was granted party status through Mr. Dwinell by virtue of his stated position as owner/operator of the health spa and corporation. To do so would be improperly disrespectful to the lawful distinction between the separate legal entity of a limited liability company or corporation, distinct from its owners/shareholders. It is a longstanding, well-understood tenet that "[a] corporation … is generally independent of the individuals who own its stock even when it is owned by a sole shareholder." Agway, Inc. v. Brooks, 173 Vt. 259, 262 (2001) (citing Roberts v. W.H. Hughes, 86 Vt. 76, 88 (1912)).

Mr. Dwinell does not appear to appreciate the importance of the legal distinction between his individual person, his limited liability company, and the Fountain of Youth business that he now represents is wholly owned by his LLC. In fact, in his responsive pleadings filed with the

---

[3] There is no reference on this letterhead to the legal owner of the business known as Fountain of Youth.

[4] In later filings with the Environmental Court, Mr. Dwinell explicitly stated that Dwinell Enterprises, LLC is doing business as the Fountain of Youth Fitness Club, but there is no evidence in the record before us that this representation was made to the District Commission.

Court on September 14, 2007, Mr. Dwinell admits that "I use my own name and Dwinell Enterprises[, LLC] interchangeably."

Proceeding in such a manner impermissibly eliminates the legal distinction between an individual owner or shareholder and their limited liability company or corporation. It is also a longstanding tenet of corporate law that, generally speaking, suits asserting or defending corporate rights and interests must be brought in the corporation's name. Bradley v. Richardson, 2 Blatchf. 343 (1851).[5] Therefore, any rights or interests that Mr. Dwinell was seeking to protect before the District Commission as far as his business was concerned should have been presented separately from his individual interests and in the limited liability company name alone.

Second, because of the manner in which Mr. Dwinell has pursued this appeal and interchanged his personal, company and business entities, he has acted with little respect to the legal distinctions between his separate legal entities. In essence, he has acted to pierce his own corporate veil. See Agway v. Brooks, 173 Vt. at 263 (negating the protections of a separate corporate entity is appropriate where the distinct corporate entity was not respected.). The structure of a limited liability company or corporation is such that its owners and shareholders are shielded from personal liability. By merging the individual and company for the purposes of this litigation, Mr. Dwinell is effectively removing that shield.

To be clear, this Court is one of limited jurisdiction; we are not charged with adjudicating the legal ramifications to a company or its owner when the statutory requirements of separateness are not respected. We are left with the responsibility, however, of determining what the legal implications must be in this land use appeal from Mr. Dwinell's intermingling of his personal, company and business entities. While SVF has argued persuasively that the consequence must be a dismissal of the pending appeal, our legal analysis leads to a different consequence. To the extent that Mr. Dwinell has caused the distinction between his personal, company and business entities to evaporate, the precedent of Agway v. Brooks causes us to look at all of Mr. Dwinell's entities as one and to regard his limited liability company as not having a separate entity or affording him the protections of a corporate shield. We have therefore come to the conclusion that the consequence of Mr. Dwinell's actions, at least as to this proceeding, is to require, should he still wish to pursue this appeal, to do so only in his personal name, since the

---

[5] It should also be noted that corporations must, in general, be represented by counsel. See LaBrie, Inc. v. Vt. Dep't of Envtl. Conservation, 157 Vt. 642 (1991).

distinction between him and his company does not exist and did not exist at the time of his petition to the District Commission.

Based on this analysis, this Court must not allow Mr. Dwinell to pursue this appeal under his company name. Dwinell Enterprises, LLC was not granted final party status, and therefore is not the proper party to continue in this matter.

Mr. Dwinell will be permitted, however, to pursue this appeal in his individual name. His name is signed on the Notice of Appeal. The representations made on the filings, naming himself, the company, and his position in the company, are of the same effect as the representations made to the District Commission in his petition for party status. That is, Mr. Dwinell's representations afford him standing as an individual.

Accordingly, the Appellee's First Motion to Dismiss is DENIED.

## 2.     Appellee Second Motion to Dismiss

In its second motion to dismiss, SVF points out that Appellant failed to timely complete the notice requirements imposed upon a party appealing an Act 250 determination. See 10 V.S.A. § 8504(c)(1) and Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.) 5(b)(4)(B). Mr. Dwinell admits in his responsive filings that he did not strictly comply with these notice requirements, but asserts that his notice deficiencies were more of a technical nature, that he has subsequently complied with the notice requirements,[6] and that he should be afforded an opportunity to cure any remaining deficiencies in his notice.

SVF argues that a defect in notice of an appeal, such as in this case, has jurisdictional significance. While we agree with SVF that some portions of the precedent first announced in the Mowle v. Town of Sherburne, 140 Vt. 155 (1981) and In re Stocker, 133 Vt. 161 (1975) cases remain in tact, we disagree that the deficiencies in notice conceded here by Mr. Dwinell wrest jurisdiction away from this Court. Rather, the Court has a certain amount of discretion when addressing such motions to dismiss. See Mountainview Association, Inc. v. Town of Wilmington, 147 Vt. 627, 629 (1987)(where service is defective, the trial court has discretion to allow the service or notice defects to be cured). Here, SVF argues that Mr. Dwinell fell far short

---

[6]  By memo dated August 14, 2007, Mr. Dwinell sent out a "press release" about his appeal of the Act 250 permit issued to SVF. We know of no precedent that such a press release can substitute for a legal notice. Mr. Dwinell thereafter arranged for a legal notice concerning this appeal to be published on September 15, 2007 in The Valley News, a daily newspaper in the White River Valley Region, and on September 24, 2007 filed with the Court a copy of the tear sheet evidencing that publication.

of just deficient notice to interested parties; that his notice was non-existent. Viewing the relevant fact in a light most favorable to Mr. Dwinell, we disagree. Mr. Dwinell has presented the Court with a "Notice to Interested Persons" that follows the format of this Court's Form 900. We cannot discern from Mr. Dwinell's filings where he sent this Notice; he has yet to file a certificate of service evidencing the same.

In light of this confusion and our determination on SVF's first motion to dismiss, Mr. Dwinell will be afforded the opportunity to notify the Court and all interested persons if he wishes to proceed with this appeal in his individual name. If he chooses to proceed in his individual name, then he must send a new notice to all interested persons, following all applicable statutes and our Rules, <u>within twenty days</u> of this Decision and file with the Court a certificate of service evidencing compliance with the notice requirements. The notice must also advise the parties that he is proceeding in his individual name alone. Failure to meet any of these directives may be grounds for renewal of SVF's motion for dismissal of the pending appeal, with prejudice.

## Conclusion

For the reasons stated above, Appellee's First and Second Motions to Dismiss are **DENIED**. Appellant will be afforded twenty days to notify all interested parties of his intentions to proceed in his individual capacity alone.

Done at Berlin, Vermont this 24th day of October, 2007.

_____
Thomas S. Durkin, Environmental Judge

7