## STATE OF VERMONT

## ENVIRONMENTAL COURT

|                                          |   |                         |
|------------------------------------------|---|-------------------------|
|                                          | } |                         |
| In re: Sports Venue Foundation, Inc.     | } | Docket No. 168-8-07 Vtec |
| Act 250 Land Use Permit                  | } |                         |
| (Appeal of Ronald Dwinell)               | } |                         |
|                                          | } |                         |

**Decision and Order on Motion to Dismiss and Motion for Clarification**

Appellant Ronald Dwinell appealed from a decision of the District #3 Environmental Commission ("District Commission"), granting Applicant Sports Venue Foundation, Inc. ("SVF") an Act 250 Land Use Permit to construct an indoor aquatic center and related fitness facilities. Now pending before the Court is SVF's two pre-trial motions, the first to dismiss the pending appeal based on defective notice and the second to clarify and/or strike Appellant's Question #2. Appellant filed a reply to both motions. As the Court was awaiting Appellant's replies to the pending motions, SVF advised that Appellant no longer owned the abutting commercial property which was the basis for our prior determination of his status as an interested person, having relinquished ownership in the property through the involuntarily act of foreclosure. Appellant is pro se; Appellee SVF is represented by C. Daniel Hershenson, Esq. C. Robert Manby, Esq. represents the Town of Hartford ("Town"), which has chosen to not actively participate in these pre-trial proceedings.

The undisputed facts that are material to the pending motions are listed below.

### Factual Background

1. SVF applied for an Act 250 Land Use Permit (Permit Application 3W0943-1) to construct a 40,000 square-foot building, including a competitive pool and exercise studio, in the Town of Hartford.

2. The circumstances surrounding the nature of Mr. Dwinell's appeal of SVF's Act 250 permit are detailed in our prior Decision of October 24, 2007. The outline of undisputed facts contained in that prior Decision are incorporated here by this reference.

3. By the October 24th Decision, this Court announced that it was denying SVF's two prior motions to dismiss, the second of which was based upon SVF's assertion, not initially disputed by Appellant, that Appellant had failed to give proper notice of his appeal or certify the same to

1

the Court. Accordingly, the Court afforded Mr. Dwinell the opportunity to clarify whether he wished to proceed with the appeal in his individual capacity and directed that he provide a corrected notice of his appeal and file a certificate of service with the Court evidencing the same. The Court directed that Appellant complete the corrected notice and certification within twenty days of the October 24th Decision (i.e.: no later than November 13, 2007).

4. Appellant failed to complete the corrected notice of his appeal within the deadline directed by this Court. Fifteen days after the deadline, on November 28, 2007, Mr. Dwinell published a copy of his notice of appeal in the Valley News, a newspaper of general circulation in the Hartford area. He has not provided the Court with a completed certificate of service evidencing his notice; we are left to conclude that he has not mailed copies of his corrected notice to the interested persons identified by the Town.

5. Meanwhile, on November 13, 2007, a Judgment Order and Decree in Foreclosure was issued by the Windsor County Superior Court against Defendants Dwinell Enterprises, LLC, Satlow, Inc., Ronald Dwinell and Lynn Dwinell ("Dwinell Defendants"). Merchants Bank v. Dwinell Enterprises, LLC, *et al*, Docket No. 386-6-07 Wrcv (Windsor Sup. Ct., Nov. 13, 2007). The Complaint was filed by Merchants Bank and concerns the Fountain of Youth Health Club facility and the real estate upon which it sits. The Dwinell Defendants waived their rights of redemption on or about November 1, 2007, thus surrendering control of the subject property to the plaintiff Bank. No appeal of this Judgment Order and Foreclosure Decree has been presented to this Court.

6. Upon the expiration of the applicable appeal period, Merchants Bank is authorized to dispose of the property at a public or private sale. The Judgment Order and Foreclosure Decree further directs that "Defendants Dwinell [E]nterprises, LLC, Ronald Dwinell and Lynn Dwinell, their successors, assigns and all persons claiming by from or on behalf of the said Dwinell Enterprises, LLC, Ronald Dwinell and Lynn Dwinell are hereby foreclosed of and from all right, title and interest and demand in the said premises and every part thereof . . .." Id. at 2.

7. SVF's currently pending motion, filed on November 21, 2007, seeks dismissal of this appeal, asserting that Appellant's defective notice was not cured within the time-frame directed by this Court in its October 24th Decision. SVF filed a companion motion, seeking an order that Appellant be directed to clarify his Question #2, or that the Question be stricken. Finally, in a supplemental filing, SVF provided the Court with a copy of the Judgment Order and Foreclosure

2

Decree referenced in paragraphs #7 and #8, above, and asked that the Court consider the implications of the Dwinells' loss of title to their commercial property "in connection with [the Court's review of SVF's] pending motions." Corresp. of Attorney Hershenson, dated Dec. 3, 2007.

8.     Appellant replied to SVF's motions on the service and clarification issues but has not addressed the loss of title to his commercial property through foreclosure. The pending motions are now ripe for our review.

## Discussion

SVF's motion to dismiss was based on Mr. Dwinell's alleged defective notice. Pursuant to the Court's October 24, 2007 Decision, specifically in reference to an appellant's obligations under 10 V.S.A. § 8504(c)(1) and V.R.E.C.P. 5(b)(4)(B), Mr. Dwinell was awarded additional time,[*] until November 13, 2007, to remedy the defective notice. Fifteen days after the November 13, 2007 deadline, on November 28, 2007, Mr. Dwinell published a notice of appeal in the local Hartford newspaper. There is no evidence that Appellant individually served any interested parties with a corrected notice, so as to comply with 10 V.S.A. § 8504(c)(1) and V.R.E.C.P. 5(b)(4)(B). In addition to his delay and omission, Appellant failed to provide the Court with the requisite certificate of service. We are still left to wonder who of the necessary parties received Appellant's corrected notice of his appeal, some four months after it was first filed.

Our appeal notice provisions are much like the service obligations imposed upon a plaintiff in civil proceedings. This Court has a certain amount of discretion when addressing a motion to dismiss based on defective service. See Mountainview Association, Inc., v. Town of Wilmington, 147 Vt. 627, 629 (1987) (where service is defective, the trial court has discretion to allow the service or notice defects be cured). While we are mindful that Appellant appears before us pro se, and has made efforts to retain legal counsel (although no counsel has appeared on his behalf to date), we are concerned that the continued delay and, in fact, Appellant's failure to provide adequate and correct notice of his appeal has unfairly prejudiced Applicant and unnecessarily expended Court resources. Thus, we conclude that the proper exercise of our discretion in response to this specific set of facts is to dismiss this appeal. However, because we

---

[*] This appeal was filed on August 14, 2007. Timely notice of this appeal should have been completed on September 4, 2007. V.R.E.C.P. 5(b)(4)(B) and V.R.C.P. 5.

also believe there are additional, separate grounds for dismissal, we address those additional issues below.

We are particularly concerned with Appellant's continued desire to prosecute this appeal, given the unchallenged representation that Appellant no longer owns the abutting commercial property which was the basis for our prior determination of his status as an interested person. Thus, we now address the new question of whether Appellant continues to be entitled to party status.

To appeal a decision of the District Commission to this Court, an individual or entity must satisfy the statutory thresholds for party status. The standards for determining individual party status in state land use proceedings are found in 10 V.S.A. § 6085(c)(1)(E) and are read together with the standards for intervention found in V.R.C.P. 24. See, In re: Appeal of David Miner, Docket No. 148-8-99 Vtec (Vt. Envtl. Ct., March 30, 2007). Section 6085(c)(1)(E) provides that an individual who is an "adjoining property owner or other person who has a particularized interest protected by this chapter that may be affected by an act or decision by a district commission." We understand the "particularized interest[s] protected by this chapter" referenced in § 6085(c)(1)(E) to be the specific land use interests enumerated in the ten criteria and sub-criteria of Act 250. See 10 V.S.A. § 6086.

Mr Dwinell has made some reference to his nearby residence, although he has not specified its proximity to Applicant's proposed facility, nor has he stated with any clarity the "particularized interest" in his residential property protected by a specific Act 250 criterion that SVF's proposed facility impacts. Thus, we conclude that based upon the evidence presented to us, only Mr. Dwinell's interest in his former commercial property provided the basis for his party status. Since his interest in the Fountain of Youth facility, and the real estate upon which it sits, have now been extinguished by the foreclosure proceedings, the foundation upon which his party status rested no longer exists.

Mr. Dwinell continues to have objections to SVF's proposed development that appear on their face to be sincere and substantial, but are outside of the limited scope of this Court's subject matter jurisdiction. Had he retained title to his property, we would not have this basis for granting SVF's motion to dismiss, but we are not entirely certain that all of the issues raised in Mr. Dwinell's Statement of Questions could have been adjudicated by this Court in this appeal. We must leave that question unanswered, because the foundation for Mr. Dwinell's individual

4

party status has now been lost. As we have previously stated, it is imperative for the fair and proper adjudication of land use disputes that this Court respect the statutory limits of its subject matter jurisdiction. "This Court cannot rewrite those standards to allow party status to persons who fail to meet the statutory standards." Miner, Docket No. 148-9-99 Vtec at 2 (Vt. Envtl. Ct., March 30, 2007). Once a party falls beneath the statutory threshold for party status, namely by losing an interest in the land upon which their original party status determination was based, they can no longer raise a controversy that the Court has the authority to adjudicate. See In re: Appeal of Emanuel, Docket No. 24-1-00 Vtec (Vt. Envtl. Ct., March 21, 2000).

Because we reach this determination on Mr. Dwinell's party status, we do not address SVF's motion to clarify because it is now moot.

## Conclusion

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that SVF's motion to dismiss is **GRANTED**. Appellant failed to abide by the directives of this Court in providing notice of his appeal to the necessary interested persons and submitting the required certificate of service. He also lost his individual party status when his interest in the abutting commercial property was foreclosed. The current proceedings before this Court are therefore concluded. A Judgment Order accompanies this Decision.

Done at Berlin, Vermont, this 18th day of December, 2007.

_____
Thomas S. Durkin, Environmental Judge