Granite Mut. Ins. Co. v. Griggs, No. 120-5-10 Oecv (Eaton, J., Jan. 31, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT                                                  CIVIL DIVISION
Orange County                                                  Docket No. 120-5-10 Oecv

Granite Mutual Insurance Co.
     Plaintiff

v.

Stephen Griggs and Louis Weintraub
     Defendants


Decision on Pending Motions

Defendant Louis Weintraub was the owner of a commercial and residential apartment building located in downtown Chelsea, Vermont. The building was destroyed in a fire in January 2009. According to plaintiff's allegations in this subrogation complaint, the cause of the fire was space heaters that were left on in the basement by Mr. Weintraub's agent, defendant Stephen Griggs.

Plaintiff commenced the action by filing on May 27, 2010. According to the affidavit of service that was filed with the court, service was made on Mr. Weintraub on June 23, 2010. The affidavit indicates that service was made at [address redacted], in Clearwater, Florida, by leaving a copy of the summons and complaint with an adult household member residing therein. The household member was identified as one Maria Iguanco, a cousin and co-occupant with Mr. Weintraub.

Mr. Weintraub never answered the complaint. Default judgment was granted on November 9, 2010.

On November 24, 2010, Mr. Weintraub made an appearance in this action through his attorney and filed a motion to vacate the default judgment, and to dismiss the complaint. His motion included an affidavit from his daughter, Lisa Williams, who testified that she indeed lived with her father at [address redacted] until November 1, 2009, but that they moved out on that date, and were not living there at the time of service. Ms. Williams moreover testified that she does not know Maria Iguanco, and is not related to her, and has never lived with anyone by that name. Mr. Weintraub's motion included other allegations of dishonesty directed towards the process server.

On December 28, 2010, the court granted the motion to vacate the default judgment as unopposed by plaintiff. In granting the motion, the court relied solely on Ms. Williams' representation that her father did not live at the address where service was made, and gave no weight to the allegations of dishonesty. The court's exercise of discretion in granting the motion was informed by the policies favoring adjudication of

claims on the merits. See, e.g., *Desjarlais v. Gilman*, 143 Vt. 154, 157 (1983) ("A judgment by default effectively deprives a defendant of an opportunity to have the merits of his position determined through the normal adversary judicial process.").

As it turns out, plaintiff had indeed filed an opposition the day before the court took action; the pleadings and the decision crossed in the courthouse mail. Plaintiff filed a motion for reconsideration on January 6th, 2011, effectively asking the court to consider the opposition, which the court now does.

Plaintiff takes issue with the allegations of dishonest conduct on the part of the process server. As noted above, however, the allegations of dishonesty played no role in the court's decision to vacate the default judgment. It is not necessary to make any findings on that issue.

Plaintiff also argues that service was effective. Plaintiff points out that a process server attempted service on the [street name redacted] address in November 2010, and was told by the current occupants that defendant "moved out three months ago." Plaintiff argues that this means that defendant was living in the apartment in June 2010. It must be noted, however, that this statement is hearsay attributable to the persons who were living at the [street name redacted] address and who were trying to persuade the process server that Mr. Weintraub was no longer living there. It does not have many hallmarks of reliability. The court is not persuaded that much insight would be gained into Mr. Weintraub's actual moving date if these nameless tenants were to be somehow located for the purpose of offering testimony in Vermont.

Plaintiff also argues that it mailed a "courtesy copy" of the motion for default judgment to Ms. Williams at the [street name redacted] address, and that the mail was not returned as undeliverable. Yet this does not prove anything about whether Ms. Williams and Mr. Weintraub were living at the [street name redacted] address at the time of service of the complaint. Nor does it prove whether Mr. Weintraub ever received the summons and complaint.

None of this causes the court to reconsider its earlier determination: Mr. Weintraub was not living at the [street name redacted] address at the time service was made there. As a result, service was not effective. See *Shurman v. Atlantic Mortg. & Inv. Corp.*, 795 So.2d 952, 954 (Fla. 2001) (explaining that service at a person's "usual place of abode with any person residing therein" under the Florida procedural rules means service at "the place where the defendant is actually living at the time of service"). The default judgment was therefore properly vacated. See 4A Wright, Miller, Kane & Marcus, Federal Practice and Procedure: Civil 3d § 1096 ("If . . . the requirements of Rule 4(e) are not complied with, service will be ineffective and a default judgment based on that service will be vacated.").

Defendant has also moved to dismiss the complaint for reasons related to the passage of time between the filing of the complaint and effective service. Any such dismissal, however, would be without prejudice to the filing of a new complaint, and

there does not appear to be any reason why defendant would benefit from dismissal of the instant action and the commencement of a new one. In the absence of any prejudice accruing to defendant, the motion to dismiss the complaint is denied. See *Mountainview Ass'n, Inc. v. Town of Wilmington*, 147 Vt. 627, 629 (1987) ("[I]f service of process is defective, but a reasonable prospect exists that plaintiff could properly serve defendant, a court should treat a motion to dismiss as a motion to quash service and retain the case pending effective service.").

Some documents have now been served on plaintiff, but it is not apparent whether the summons and complaint are among the documents that have been served. Accordingly, the court will grant plaintiff sixty days within which to effect service upon Mr. Weintraub. In view of the fact that defendant has now appeared in this action through an attorney, and in view of defendant's obligation to avoid unnecessary costs of service, V.R.C.P. 4(l)(2), the court does not anticipate that there will be any further disputes about the manner or method of service.

## ORDER

(1)     Plaintiff's Motion to Reconsider (MPR #4), filed January 6, 2011, is *denied*;

(2)     Defendant's Motion to Dismiss (MPR #3), filed November 24, 2010, is *denied*;

(3)     The default judgment remains vacated;

(4)     Plaintiff shall complete service within sixty days. After the returns of service have been filed, the court shall set Plaintiff's Motion for Writ of Attachment (MPR #1) for hearing.

Dated at Chelsea, Vermont this 31st day of January, 2011.


_____
Hon. Harold E. Eaton, Jr.
Superior Court Judge